CUMBERLAND TELEPHONE & TELEGRAPH COMPANY *v.* FLOYD, *Administrator.*

*(Nashville.* December Term, 1903.)

1. **PLEADING.** Plea of not guilty does not impliedly admit negligence averred.

In an action for wrongful death, where the declaration avers that defendant "negligently constructed and negligently maintained" its telephone wires "in an unlawful and dangerous manner" a plea of "not guilty" raises the general issue and does not impliedly admit the negligent construction and negligent maintenance by defendant of its wires in an unlawful and dangerous manner as averred. *(Post, pp.* 306-307.)

Case cited and approved: Norton v. Scholefield, 9 Mees. & W., 665.

2. **SAME.** Same. Rule not changed by statute; plaintiff must prove negligence under such issue.

Under our statute providing that the defendant may enter a general denial of the plaintiff's cause of action, equivalent to the general issue previously in use, a plea of "not guilty" raises the general issue, and does not impliedy admit the averment that defendant "negligently constructed and negligently maintained" its telephone wires "in an unlawful and dangerous manner" by which it is averred that the plaintiff's intestate was wrongfully killed, but plaintiff is required to prove such averments. *(Post, pp.* 307-308.)

Code cited and construed: Sec. 4634 (S.); sec. 3623 (M. & V.); sec. 2913 (T. & S. and 1858).

Telephone & Telegraph Co. v. Floyd.

FROM BEDFORD.

Appeal from the Circuit Court of Bedford County.— W. C. HOUSTON, Judge.

WM. L. GRANBERY, CHAS. G. PARKER, and W. B. BATES, for Telephone & Telegraph Company.

CHAS. S. IVIE and CALDWELL & GREER, for Floyd, Administrator.

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

This action was brought by defendant in error against the Cumberland Telephone & Telegraph Company to recover damages for the alleged wrongful killing of his intestate. In the declaration it was averred that this company "negligently constructed and negligently maintained" its telephone wires over and across the tollhouse "of a public highway, in an unlawful and dangerous manner," and that while in this condition these wires became heavily charged with electricity, from a storm prevailing, so that plaintiff's intestate, then standing on the porch of this house, received the full force of an electric current diverted from them, and was killed.

112 Tenn—20

To this declaration a plea of not guilty was interposed. On the trial of the issue thus made, there was a verdict and judgment for the plaintiff. On this appeal it is, among other things, assigned for error, that there is no evidence to support the verdict, in this, that the record wholly fails to show that this company had any connection with the construction or maintenance of the wires in question.

As has been seen, the averment in the declaration is that this company "negligently constructed and negligently maintained" these wires. That this averment was an essential element of the plaintiff's action is clear, and, being so, it was necessary to prove it, unless, as is now insisted, it was impliedly admitted by the plea of "not guilty."

This action was known in the common-law system of pleading as "case" or "trespass on the case," and under our Code system as an action *ex delicto* "on the facts of the case." In the latter, as in the common-law action, "not guilty" is the proper plea.

While, under the first of these systems, this plea did not operate as a denial of facts stated in the inducement, yet it did of all allegations of breach of duty or of the commission of the wrongful act. 1 Chitty on Pl., *p. 519. Thus, in an action on the case for a nuisance to the occupation of a house by carrying on an offensive trade, the plea of not guilty will not operate as a denial of plaintiff's occupation of the house, but will of the averment of the nuisance. Id., 519. On the other hand,

and as bearing directly on the question in hand, in an action for erecting a cesspool near a well, and thereby contaminating the water of the well, this plea puts in issue the averment of the creation of the cesspool, and that the water of the well was thereby contaminated. *Norton* v. *Scholefield,* 9 Mees. & W., 665.

M'r. Addison, in his work on Torts, gives many illustrations of the scope and effect of this plea. Among others, he gives the case put by Chitty, and referred to above, of a nuisance to the occupant of a house by carrying on an offensive trade, and he says, in order to hold the defendant liable, it must be proved, either that he was the actual occupier of the land or tenement on which the nuisance existed, or that he authorized or directed the doing of the thing which created the nuisance. Volume 1, sec. 286. So, if the plaintiff complains of a nuisance arising from a drain, the plea of not guilty puts him to proof that the defendant had the use and control of the drain. Id., 290. In summing up, this author says: "If the defendant is charged with acts of omission, nonfeasance, and neglect of duty, the facts creating the duty must be proved and the defendant's neglect established."

So far as we can see, there was not any exception to this rule at common law, and no reason has been suggested why the plea should have a narrower scope under our Code practice. In fact, Shannon's Code, section 4634, provides that "the defendant may enter a general

denial of the plaintiff's cause of action, equivalent to the general issue heretofore in use."

It certainly would be a curious anomaly in practice should it be held that the plea of not guilty raised the general issue in the present case, yet that its effect was to admit the averment of negligence upon which the plaintiff rests his right to recover. No such result follows. The burden was on plaintiff to make out his case, and, failing in the particular indicated, the judgment is reversed.