### UNITED STATES v. FOSTER.

(District Court, W. D. Virginia, at Roanoke. September 15, 1910.)

CRIMINAL LAW (§ 762*) — INSTRUCTIONS — EXPRESSION OF OPINION ON THE FACTS.

It is the settled law that it is within the right of a federal judge to state his opinion on the facts to the jury in a criminal or civil case, with proper explanation that it has no binding effect; and it is proper for him to do so, giving his reasons therefor, where he has a decided opinion, and in his judgment the case is such that it will be helpful to the jury. Where he does so, it is the preferable practice to give his opinion after the case has been argued by counsel, rather than with the instructions on the law preceding the argument, and it is not objectionable, and sometimes preferable, to defer such statement until after the jury have considered the case, and give it only in case of their inability to agree.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1731, 1750, 1754, 1758, 1759, 1769; Dec. Dig. § 762.*]

Criminal prosecution by the United States against J. D. Foster. On motion for new trial. Motion denied.

Barnes Gillespie, U. S. Atty.
Hairston & Willis, for defendant.

McDOWELL, District Judge. In this case an opinion on the facts in favor of the government was given to the jury after they had announced themselves unable to agree. Very shortly thereafter the jury returned a verdict of guilty. In Garst v. U. S., 180 Fed. 339, the fact that the trial judge gave the jury a properly guarded opinion on the facts after the jury had been some time in consultation, and had given thereby some indication of a liability to disagree, is adversely commented upon in the majority opinion. As is clearly shown by the opinion—see last paragraph—this expression of opinion is a dictum, and, moreover, it relates to a matter which is not

the subject of review. See Carver v. Astor, 4 Pet. 80, 7 L. Ed. 761; Nudd v. Burrows, 91 U. S. 426, 439, 23 L. Ed. 286; Transportation Line v. Hope, 95 U. S. 297, 302, 24 L. Ed. 382; R. Co. v. Putnam, 118 U. S. 545, 553; Rucker v. Wheeler, 127 U. S. 85, 93, 8 Sup. Ct. 1142, 32 L. Ed. 102; Lovejoy v. U. S., 128 U. S. 171, 173, 9 Sup. Ct. 57, 32 L. Ed. 389; R. Co. v. Fifth Baptist Church, 137 U. S. 568, 574, 11 Sup. Ct. 185, 34 L. Ed. 784; Cincinnati Gas Co. v. Western Co., 152 U. S. 200, 210, 14 Sup. Ct. 523, 38 L. Ed. 411. The criticism comes from a judge for whose opinion I have such very great respect that I have been led to make a careful re-examination of the available authorities, and now feel it proper to state my reasons for holding to the view that the practice is not an improper one.

(1) It is quite true that it is not unusual for the trial judge to give to the jury his opinion on the facts at the close of the evidence, and at the same time that he gives to the jury the instructions on the law of the case. I regard this practice as much more objectionable than that of giving the opinion on the facts, when given at all, after the arguments of counsel to the jury have been made. When a federal trial judge deems it his duty to express to the jury his opinion on the facts, it is of first importance that he make the jury understand that, while they are bound by his instructions as to the law, they are not bound by his opinion on the facts; and yet I know of nothing more likely to cause confusion in the minds of the jury on this very point than the practice of combining instructions on the law with an opinion on the facts, and the objection is rarely wholly obviated if both the instructions and opinion are delivered to the jury at the same stage of the cause. Assuredly there is much less probability of confusion if the delivery of the instructions and of the opinion are separated by the arguments of counsel to the jury.

(2) No trial judge need consider his own judgment infallible. No matter how firmly he may be of opinion, at the close of the evidence, that the jury ought to find for one side or the other, I have long thought it prudent, even if not the right of the side against whom the judge inclines, that the judge at least hear what counsel for that side can say of the facts to the jury before expressing to the jury any opinion on the facts.

(3) None but a decided opinion on the facts should, in my belief, be expressed to a jury. Unless the judge feels that there is no considerable room for doubt as to the correctness of his views on the facts, it is much the better course to leave the case wholly to the determination of the jury. But to express a decided opinion on the facts in advance of argument to the jury is for the judge to painfully embarrass the counsel for the side against which the judge has expressed his opinion. Counsel not infrequently hold intimate and most friendly relations with the judge, and may entertain, and nearly always desire to show, respect for his opinions. It certainly imposes an unnecessary restraint on counsel under such circumstances to put them in the frequently almost hopeless position of having to combat the opinion of the judge before the jury. It is in my estima-

tion the better practice to have the case argued to the jury by counsel when they do not know what the judge's opinion on the facts is, and when it is yet uncertain that he will express any opinion at all.

(4) When an opinion on the facts is given, it must be carefully guarded. The jury must be told that they are not bound by it, and that the ultimate decision of the case rests entirely with them. In addition, it is my practice to say to the jury that my opinion on the facts is submitted to them for just what they think it is worth. In consequence, an opinion on the facts is of real assistance to the jury only in so far as it is well reasoned. Whether it is well reasoned or not can certainly be much better judged by the jury after they have heard the arguments of counsel than before.

Having now indicated briefly some reasons for holding that the opinion on the facts should come after, rather than before, argument of counsel, I reach the more immediate ground of criticism, which is that the trial judge's opinion on the facts in Garst v. U. S. was expressed after the jury had been out long enough to indicate the probability of a disagreement. The chief ground of objection is that, at such juncture, the opinion of the judge is likely to have too great influence on the jury.

(1) I am strongly of the opinion, based on repeated experiences, that the judge's opinion on the facts has vastly more influence if given before the jury have commenced their deliberations than if given after they have expressed to each other their views and have had opportunity to have engaged in earnest (frequently heated) arguments with each other. Members of juries, like other men, are likely to have some pride of opinion. A juror who has expressed no opinion on the case to any one is, it is submitted, much more liable to be influenced by a well-reasoned and cogent opinion on the facts by the trial judge than is the same man after he has committed himself to the opposite theory, and after he has possibly argued and expostulated that his view is the only correct one.

(2) There is still another reason why in some—indeed, in many—cases the trial judge may well refrain from stating his opinion on the facts at least until the jury has shown an inclination to disagree. It is to me, as it doubtless is to the majority of trial judges, much more satisfactory to have the jury agree upon the proper verdict without any assistance whatever from the judge. Being strongly impressed, as I am, with the belief that in ordinary cases, especially in criminal cases, the combined judgment of the jury on questions of fact is better than my own, I can see very little force in objecting to a practice which at least has the merit of giving the jury an opportunity to bring in a verdict which will be the jury's unassisted conclusion on the facts.

(3) Considering the numerous terms of court required to be held in this district, and the great expense, both direct and indirect, frequently involved in a final disagreement by a jury, it would seem that the trial judge is, in this district at least, more or less justified in regarding a "hung jury" as one of the lesser calamities, to be

avoided if it properly can be; and if, in seeking in a proper manner and in a proper case to thus avoid mistrials, the trial judge's opinion on the facts exerts some influence on the jurors, I conceive that the fact that it will have influence is the chief reason for the existence of the power to express opinions on the facts.

(4) "Mistrials" are sometimes avoided by jurors agreeing to a verdict which is unjustified by the evidence, rather than be kept in confinement in the jury room. Almost innumerable cases are to be found in the books in which a verdict has been set aside as contrary to the weight of evidence. In such cases, if instead of leaving the jury to debate and argue without assistance, the trial judge had after a reasonable interval called the jury into the courtroom and delivered to them a fair and well-reasoned opinion on the facts, it is not wholly improbable that in some cases at least the erroneous verdict would have been avoided.

(5) The reason for not expressing an opinion on the facts at an earlier stage of the case, which existed in the Garst Case, may also exist in some future cases. In that case the evidence for the government was not introduced in the most effective order, and the argument of the then district attorney was not as cogent as was usual with him. In consequence, both at the conclusion of the evidence and at the conclusion of the arguments, I was not entirely satisfied that the case was of such nature as to demand of me an opinion on the facts. It was only after the opportunity for reflection afforded by the intermission for Sunday that it became entirely clear to me that the case did call for an opinion on the facts, and that it would be an evasion of duty on my part to leave the jury to struggle with the case longer without such an opinion.

(6) Aside from the often repeated statement that the matter is governed by the discretion of the trial judge, there is at least some fairly direct authority for the position taken herein:

See Aerheart v. Railroad Co. (C. C. A., Eighth Circuit) 99 Fed. 907, 909, 40 C. C. A. 171. In this case the jury, after having been out for some time, came into the courtroom and advised the judge, through the foreman, that some of them did not understand an expression used in the original charge. The judge thereupon, in the absence of counsel, explained the instruction, and further gave to the jury an opinion on the facts. The judgment below was affirmed.

In Allis v. U. S., 155 U. S. 117, 120–124, 15 Sup. Ct. 36, 39 L. Ed. 91, after the jury had been engaged in considering the case "several hours," the court called them into the courtroom and, as was complained, erred "in recalling the jury and in arguing the testimony and in stating part of the testimony on certain points without stating the entire testimony." In the opinion of the Supreme Court, in affirming, it is said:

"We see nothing in this of which any just complaint can be made."

Simmons v. U. S., 142 U. S. 148, 155, 12 Sup. Ct. 171, 35 L. Ed. 968, is a case in which the opinion on the facts which was objected to was expressed the day after the jury retired, and after the jury had disagreed, and had requested the court to discharge them from

further consideration of the case. In affirming, the Supreme Court said:

"* * * The judge presiding at a trial, civil or criminal, in any court of the United States, is authorized, *whenever* he thinks it will assist the jury in arriving at a just conclusion, to express to them his opinion upon the questions of fact which he submits to their determination. * * *"