YAZOO & M. V. R. CO. v. LONG.

(Circuit Court of Appeals, Sixth Circuit. January 7, 1913.)

No. 2,238.

1. MASTER AND SERVANT (§ 205*)—INJURIES TO SERVANT—NEGLIGENCE—SAFE PLACE AND APPLIANCES—ASSUMPTION OF RISK.

Where a brakeman fell and was injured while attempting to mount a box car because of the alleged absence of a handhold on top of the car, defendant's negligence consisted in a failure to provide reasonably safe appliances, and hence plaintiff did not assume the risk arising from methods of work adopted by defendant, in that plaintiff had knowledge that defendant in inspecting cars made no inspection of the roof, except such as could be seen from the ground.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 547–549; Dec. Dig. § 205.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

201 F.—56

2. MASTER AND SERVANT (§ 124*)—INJURIES TO SERVANT—RAILROADS—CARE REQUIRED—INSPECTION.

Where a brakeman was injured while attempting to climb a car by the alleged absence of a handhold on the roof, the carrier owed him the duty of reasonable inspection to discover whether the handholds were safe, and plaintiff was entitled to presume that defendant would make a reasonably sufficient inspection of the car to ascertain its actual condition.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 235–242; Dec. Dig. § 124.*]

3. MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT—RAILROADS—INSPECTION—QUESTION FOR JURY.

Whether a railroad's inspection of a freight car from which plaintiff fell and was injured was in fact reasonably sufficient is ordinarily one of fact for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

4. MASTER AND SERVANT (§ 205*)—INJURIES TO SERVANT—BRAKEMEN—ASSUMED RISK.

If a brakeman may be charged with having assumed the risk of a mere insecure fastening of a handhold on top of a car by reason of his knowledge of the railroad company's method of inspection from the ground, such assumption would not extend to the risk of an entire absence of a grabiron near the edge of the roof, plainly visible on an inspection from the ground.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 547–549; Dec. Dig. § 205.*]

5. MASTER AND SERVANT (§ 289*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE—RAILROADS.

Where plaintiff was injured by falling from a railroad car because of the absence of a grabiron on the roof, whether he was negligent in climbing on the car without first ascertaining whether it had a roof grabiron was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. § 289.*]

6. TRIAL (§ 280*)—EXCEPTIONS—SCOPE.

An exception generally to the court's summary of the facts and the court's statement in regard thereto was not sufficient to raise the question of mere inaccurate but not otherwise unfair summary of the facts, whether as including too much or too little, being sufficient only to require consideration as to whether the court's statements, summary of the testimony, and comments were unfair, as tending to excite prejudice or as inconsistent with judicial caution, or as invading the jury's province.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 691–693; Dec. Dig. § 280.*]

In Error to the Circuit Court of the United States for the Western District of Tennessee; Jno. E. McCall, Judge.

Action by J. J. Long against the Yazoo & Mississippi Valley Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Fitzhugh & Biggs and Thos. A. Evans, both of Memphis, Tenn. (C. N. Burch, of Memphis, Tenn., of counsel), for plaintiff in error. Anderson & Crabtree, of Memphis, Tenn., for defendant in error.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before KNAPPEN, Circuit Judge, and SATER and SESSIONS, District Judges.

KNAPPEN, Circuit Judge. Defendant in error (plaintiff below) recovered verdict and judgment against plaintiff in error (as defendant below) on account of injuries alleged to have been received by plaintiff while in defendant's employ as brakeman.

Plaintiff's testimony tended to show that while attempting, in the discharge of his duty, at one of defendant's terminals, to climb to the top of a standing freight car, he reached up to seize the handhold or grabiron which should be upon the top of the car; that in his then position he could not see the top of the car, nor whether the handhold was there; that the handhold was in fact gone, with the result that plaintiff lost his footing (recovering himself, however, before reaching the ground), his abdomen striking "the handhold and (on?) the side of the car," causing hernia and other permanent injuries.

Defendant's alleged negligence with respect to maintaining this handhold was the only ground of liability submitted to the jury; and an instruction was given that no recovery could be had if the handhold was there at the time of the accident. Defendant introduced evidence that at and before the time of plaintiff's injury the customary method of inspection at defendant's terminals, as well as at those of other railroad companies, was to observe from the ground whether there were any apparent defects in the roof (which was visible from the ground), and if the roof looked sound and all right, and the bad order card showed nothing wrong with the roof, to make no further inspection.

Plaintiff had had several years' experience in railroad operation, and had at one time been in the service of the Interstate Commerce Commission as safety appliance inspector. A few days before the accident, he had sustained a similar fall through lack of a grabiron on the top of a car. He testified that in his previous railroad experience he had frequently found grabirons missing from roofs of cars. In a letter written after the accident he said:

"Car inspectors say they were not supposed to go on top of cars to inspect them, so that is why these things are not seen."

On this evidence the defendant contended that plaintiff had assumed the risks incident to defendant's method of inspection, and asked for direction of verdict accordingly. This being refused, an instruction was asked (likewise refused) that if defendant had a method of car inspection which did not include inspection of the roof grabirons, and that this method of inspection was known to the plaintiff, the latter "assumed this method of work," and could not recover on account of defendant's failure to inspect the roof irons.

[1] We think these requests were properly refused. We are unable to agree with defendant's contention that this case falls within the rule that an employé by entering and continuing in the employment assumes the risks arising from methods of work which he knows, or by the exercise of reasonable care should have known, to be dangerous. The case here presented does not involve the method of carry-

ing on the work in which the employé is engaged, but the exercise of care by the employer in the performance of his duty to furnish the employé reasonably safe appliances or a reasonably safe place with or in which to work. The object of an inspection is to ascertain the actual existence of dangerous conditions, as preliminary to their removal.

[2] Defendant primarily owed plaintiff the duty of using due care, by way of reasonable inspection, to discover whether the handholds were in safe condition; and it is elemental that plaintiff had the right to presume that defendant would make a reasonably sufficient inspection of the car.

[3] The question whether the inspection actually made was in fact reasonably sufficient would ordinarily be one of fact for the jury. Felton v. Bullard, 94 Fed. 781, 37 C. C. A. 1. Whether or not plaintiff's knowledge that the method of inspection regularly used by defendant was insufficient to disclose all defects reasonably ascertainable called upon him to exercise greater care in looking out for his own safety, the contention that he thereby assumed all risks resulting from an insufficient inspection, and absolutely relieved defendant therefrom, is, we think, contrary to reason and unsupported by authority. The effect of such contention would be to impose pro tanto upon the employé the otherwise nondelegable duty of the employer. In our opinion, the case of Texas & Pacific Ry. Co. v. Archibald, 170 U. S. 665, on page 672, 18 Sup. Ct. 777, on page 779, 42 L. Ed. 1188, is distinctly opposed to defendant's contention. Mr. Justice White there said that:

"No reason can be found for and no authority exists to support the contention that an employé, either from his knowledge of the employer's method of business or from a failure to use ordinary care to ascertain such methods, subjects himself to the risks of appliances being furnished, which contain defects that might have been discovered by reasonable inspection. * * * The employé is not compelled to pass judgment on the employer's methods of business or to conclude as to their adequacy. He has a right to assume that the employer will use reasonable care to make the appliances safe and to deal with those furnished, relying on this fact, subject, of course, to the exception which we have already stated, by which where an appliance is furnished an employé in which there exists a defect known to him or plainly observable by him, he cannot recover for an injury caused by such defective appliance, if, with the knowledge above stated, he negligently continues to use it."

[4] But if it were to be conceded that plaintiff assumed the risk of a mere insecure fastening of the handhold, not discoverable by an inspection from the ground, such assumption could not reasonably extend to the risk of the entire absence of a grabiron near the edge of the roof, plainly visible on an inspection from the ground.

From the conclusion reached that plaintiff did not assume the risk resulting from lack of the grabiron through his knowledge of defendant's custom in not making a roof inspection it follows that no prejudicial error was committed in the refusal to permit a cross-examination of plaintiff, when produced on rebuttal, as to his knowledge of the custom of railroads generally to omit such roof inspection.

[5] It is urged that verdict should have been directed for defend-

ant on the ground that plaintiff was conclusively shown to have been negligent in climbing upon the car without first ascertaining whether it had a roof grabiron. This proposition needs little·discussion. The question of plaintiff's negligence was clearly for the jury, in view of his testimony that the car had no bad order card or any indication that it was out of order, and that the grabiron, if there, would. not have been visible to him when climbing up the side of the car.. The facts of plaintiff's previous injury under similar circumstances, and his knowledge that grabirons were frequently missing from tops of cars, were addressed to, but did not conclude the question of fact.

There was a sharp conflict of testimony as to the facts of the absence of the grabiron and as to whether plaintiff's injuries were the result of the alleged accident. The defendant gave evidence; among other things, that on an inspection of the car, made as soon as information of the alleged defect was received, the grabiron was found securely in place, although somewhat bent, and that the plaintiff immediately following the accident was not treated for, and gave no evidence of the ·existence of the permanent injuries of which he now complains; defendant's theory being that the alleged permanent injuries (other than hernia) were the result of disease having no relation to the accident.

The court clearly and pointedly stated to the jury the issues on both these questions, together with the claims of the respective parties, and to some extent summarized the testimony relating to both propositions, with comments upon certain features of the testimony. The learned judge expressed his opinion that the greater weight of the evidence favored plaintiff's right of recovery. The court's summary of the evidence on the question whether the handhold was missing is criticised as unduly emphasizing the plaintiff's contention and not fairly stating that of defendant; and his summary of the facts as ·to the extent of the injury is criticised in certain respects as an invasion of the province of the jury, unwarranted by the record, and highly prejudicial to defendant.

It should go without saying that, if the charge is subject to these criticisms, defendant is entitled to a new trial. It is conceded that the trial judge had the right to express his opinion upon the facts, provided the jury were given clearly to understand that the court's expression of opinion was not binding upon them, and that the jurors were the final and sole arbiters of the questions of fact. The court fully performed its duty in this regard.

[6] The only exception which can be thought to relate to the criticisms in question is found in the statement of counsel to the court that he desired "to generally except to your summary of facts and your statement in regard thereto." This exception is not sufficiently specific to raise the question of a merely inaccurate (but not otherwise unfair) summary of the facts, whether as including too much or too little. So limited, a more specific criticism and the giving of opportunity to make necessary or proper corrections or additions would be necessary. United States Coal Co. v. Pinkerton (C. C. A. 6) 169 Fed. 536, 541, 95 C. C. A. 34. We think, however, the exception specific

enough to require us to consider whether the court's statements, summary of testimony, and comments were unfair to defendant, as tending to excite prejudice or as inconsistent "with due regard to the right and duty of the jury to exercise an independent judgment in the premises, or with the circumspection and caution which should ·characterize judicial utterances." On a careful consideration of the entire charge, and taking into account that the court's attention was not challenged ·to any specific inaccuracy of statement, we are not impressed that it is subject to the criticism of unfairness as above defined.

Assignments of error numbered 4½, 9, and the first paragraph of No. 5, which are directed against certain parts of the charge as given, are unsupported by exception, and cannot be considered.

The judgment of the Circuit Court is affirmed, with costs.