### YOUNG v. CORRIGAN.

(Circuit Court of Appeals, Sixth Circuit. February 3, 1914.)

No. 2398.

1. TRIAL (§ 193*)—INSTRUCTIONS—COMMENTING ON EVIDENCE.
    It was not error for the trial court in the charge to express an opinion relative to plaintiff's failure to produce a certain witness, where the jury was given to understand that it was not bound by such opinion.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 436–438; Dec. Dig. § 193.*]

2. TRIAL (§ 255*)—INSTRUCTIONS—NECESSITY OF REQUESTS.
    Plaintiff could not complain of the court's failure to charge that certain evidence could be considered only in mitigation of damages, where she requested no such instruction.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. § 255.*]

In Error to the District Court of the United States for the Northern District of Ohio; John M. Killits, Judge.

Action by Georgian Young against James W. Corrigan. Judgment for defendant, and plaintiff brings error. Affirmed.

J. J. Sullivan, of Cleveland, Ohio, for plaintiff in error.

Holding, Masten, Duncan & Leckie, of Cleveland, Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. Plaintiff sued defendant for breach of an alleged promise to marry. Defendant denied the promise. The case was submitted to the jury, which rendered verdict for defendant, thereby neg-

ativing the alleged promise. The principal errors assigned are: (a) That the court in commenting in the charge upon plaintiff's failure to produce a certain witness exceeded the limits of proper comment or expression of opinion, and entered the field of argument, and (b) that the court should have instructed the jury to consider certain evidence only in mitigation of damages.

[1] Neither of these criticisms is well made. The court had the right to express his opinion and advise the jury upon the subject in question, if the jury was given to understand that it was not bound by such opinion. Simmons v. United States, 142 U. S. 148, 155, 12 Sup. Ct. 171, 35 L. Ed. 968; Doyle v. Union Pacific R. R. Co., 147 U. S. 413, 430, 13 Sup. Ct. 333, 37 L. Ed. 223; Allis v. United States, 155 U. S. 117, 123, 15 Sup. Ct. 36, 39 L. Ed. 91. The jury was sufficiently advised in this regard. The comments criticised did not trench upon the province of the jury, or go beyond the limits of reasonable expression of opinion.

[2] The testimony in question was admissible at least in mitigation of damages, as stated by the court in admitting it. Defendant did not ask an instruction that the testimony could be considered only for the purpose stated. Even had exception been taken (as it was not) to the failure to so instruct, plaintiff could not complain, for it is no ground of reversal that the court failed to give instructions not requested. Express Co. v. Kountze Bros., 8 Wall. 342, 353, 19 L. Ed. 457; Texas & Pacific Ry. Co. v. Volk, 151 U. S. 73, 78, 14 Sup. Ct. 239, 38 L. Ed. 78; Hickory v. United States, 151 U. S. 303, 317, 14 Sup. Ct. 334, 38 L. Ed. 170; Isaacs v. United States, 159 U. S. 487, 491, 16 Sup. Ct. 51, 40 L. Ed. 229; Humes v. United States, 170 U. S. 210, 211, 18 Sup. Ct. 602, 42 L. Ed. 1011; Coney Island Co. v. Dennan (C. C. A. 6) 149 Fed. 687, 693, 79 C. C. A. 375.

We have examined all the other errors presented, and find them without merit.

The judgment of the district court is affirmed, with costs.