SMITH v. ST. LOUIS, I. M. & S. R. CO. et al.

(Circuit Court of Appeals, Sixth Circuit. June 2, 1914.)

No. 2325.

1. RAILROADS (§ 270*)—DEFECTIVE RAILROAD BRIDGES—INJURIES TO EM-
PLOYÉS OF OTHER RAILROADS—CAUSE OF ACTION—ELEMENTS—OWNERSHIP.
In an action against a railroad company and a bridge company for in-
juries to an employé of another railroad company, operating trains over
the bridge, for injuries resulting in his death due to an alleged defect in
the bridge, the burden was on plaintiff to show that such defendants
owned or controlled the bridge.
[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 865; Dec. Dig.
§ 270.*]

2. RAILROADS (§ 268*) — DEFECTIVE BRIDGES — INJURIES — PLEADING — NOT
GUILTY.
In an action for death of a brakeman by being struck by a low timber
on a bridge as he was passing over it, the ownership of the bridge by
certain of the defendants, other than the railroad company by which de-
cedent was employed, was properly put in issue by their plea of not
guilty.
[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 861–864; Dec.
Dig. § 268.*]

3. MASTER AND SERVANT (§ 113*)—INJURIES TO SERVANT—OPERATION OF
RAILROAD—TELLTALES.
Where it was claimed that decedent, a freight brakeman, was struck
by a low timber on a bridge as his train had nearly crossed the bridge,
the absence of telltales to warn him of his approach to the bridge did
not, under the facts of this case, constitute actionable negligence.
[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 213,
224–227; Dec. Dig. § 113.*]

4. TRIAL (§ 193*)—INSTRUCTIONS—QUESTIONS OF FACT.
Expressions of opinion concerning the tendency of certain portions of
the evidence by the trial judge was not error, where he admonished the
jury that all questions of fact were to be determined by it, independently
of anything said by the court.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 436–438; Dec. Dig.
§ 193.*]

5. NEW TRIAL (§ 98*)—GROUNDS—CREDIBILITY OF WITNESS.
Denial of a new trial on an affidavit that a witness had been unduly
influenced as to a portion of his testimony was not error, where the ex-
clusion of the witness' entire testimony would not have affected the re-
sult.
[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 199, 200; Dec.
Dig. § 98.*]

In Error to the District Court of the United States for the West-
ern District of Tennessee; John E. McCall, Judge.

Action by Gilmer P. Smith, as administrator of the estate of James
Mason, deceased, against the St. Louis, Iron Mountain & Southern
Railroad Company and others. From a judgment in favor of defend-
ants, plaintiff brings error. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Jere Horne, of Memphis, Tenn., for plaintiff in error.

A. W. Biggs and J. W. Canada, both of Memphis, Tenn., for defendants in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

WARRINGTON, Circuit Judge. This was an action brought by Smith, as administrator, to recover damages for the death of his intestate, James Mason, alleged to have been caused by the joint negligence of five defendant railroad companies. These railroad companies are classified in the declaration into two groups, the first comprising the St. Louis, Iron Mountain & Southern Railroad Company, the Iron Mountain Railroad Company of Memphis, and the Missouri Pacific Railroad Company, which in terms are alleged to be owned and operated by and under the management and control of what is known as the Missouri Pacific System, and the other comprising the St. Louis & San Francisco Railroad Company and the Kansas City & Memphis Railway & Bridge Company, which likewise are alleged to be owned and operated by and under the management and control of what is known as the Frisco System; that the defendants owned and operated various interstate lines of railroad; and that, at the time of the wrongs and injuries complained of, the railroads composing the Frisco System owned and operated "the bridge and the lines over the bridge across the Mississippi river," at Memphis, Tenn.

The cause of action, as stated in the declaration, is in substance this: Mason, while in the employ of the St. Louis, Iron Mountain & Southern Railroad Company as head brakeman, and on the night of May 28, 1910, left Memphis on a west-bound freight train of that company, and in crossing the bridge into Arkansas was knocked from the top of one of the cars by a low beam spanning the track at the Arkansas end of the bridge, receiving injuries which resulted in his death, and while so at his post of duty met his death through the negligence of the defendants. Further that this beam was too low to permit a man standing upon a large freight car to pass it in safety; that this was due to negligent construction and maintenance on the part of the St. Louis & San Francisco Railroad Company and the Kansas City & Memphis Railway & Bridge Company, because these two companies then owned and operated the bridge; that these companies by contract permitted their codefendants to use the bridge in crossing the Mississippi river; that the defendants either knew, or by the exercise of ordinary care could have known, that the beam was too low, but that the intestate could not; that all the defendants undertook jointly to operate over the bridge the train on which Mason was riding and injured; and that they failed to provide and maintain the usual telltales at the approaches of the bridge, and so failed and neglected to give to Mason this necessary warning of the presence of the low beam. Also that the companies composing the Missouri Pacific System, which included Mason's employer, failed to furnish Mason with a safe place to work, and that they were negligent in contracting for and using a

bridge dangerous, as this one was, in construction and maintenance in the particulars stated.

The declaration was met and denied by the several defendants under pleas of not guilty; and special pleas of contributory negligence were also interposed. At the close of plaintiff's evidence, directed verdicts were returned in favor of three of the companies, namely, the Kansas City & Memphis Railway & Bridge Company on motion of its counsel, and the Missouri Pacific Railroad Company, and the St. Louis & San Francisco Railroad Company, on the court's own motion. On plaintiff's motion at the close of all the evidence, a nonsuit was granted in favor of the Iron Mountain Railway Company of Memphis. Thus the case was at last reduced to a controversy between the plaintiff and the company employing Mason. The verdict was in favor of that company, and on the overruling of a motion for a new trial the plaintiff prosecuted error.

[1] No complaint is made touching the direction of a verdict in favor of the Missouri Pacific Railroad Company; but error is assigned respecting like action as to the other two companies. It is stated in the assignment concerning the ruling in favor of the Kansas City & Memphis Railway & Bridge Company that it was based upon the grounds: (1) "There was no proof of ownership;" and (2) "there was no evidence going to show circumstances under which the bridge was being used." Reasons like these were stated by counsel in support of the motion to direct, and it may be that they were accepted by the court as satisfactory, but this does not appear. These reasons, however, serve in part to indicate the difficulty with plaintiff's case at the close of his evidence. Apart from some language used by one of the counsel for this railroad company in his opening statement to the jury, which apparently was neither meant by him nor understood by the court to be an admission of ownership in that company of the bridge, nothing tending to show such ownership appears in plaintiff's evidence. True, one of plaintiff's witnesses stated in effect that the bridge belonged to this company; but it appeared that he possessed no knowledge upon the subject and his statement was excluded. Plaintiff's counsel maintains, however, that the plea of not guilty is not a denial of the allegation of ownership; that consequently ownership in the Kansas City & Memphis Railway & Bridge Company of the bridge and the tracks thereon must be treated as an admitted fact; and that a legal presumption of operation by that company follows. This ignores the averment of the declaration that the bridge and the railroad tracks upon it were owned and operated by both companies comprised in the Frisco System, to wit, the company just named and the St. Louis & San Francisco Railroad Company. However, if we pass by this, the theory of admitted ownership is thus made the sole basis, not alone of the presumption of operation, but, in view of plaintiff's lack of evidence, also of the further averment of the declaration that these two companies were negligent in the construction and maintenance of the bridge. Such ownership, therefore, became vital to plaintiff's right of recovery against either of these companies, for otherwise neither owed any duty nor bore any legal relation to Mason. This is more

clearly seen through the practically admitted facts that Mason was not in the employ of either of those companies, but was in that of another and distinct company which owned and was operating the freight train on which he was riding, at the time he received his injuries.

[2] It follows that the most essential issue so tendered to the Kansas City & Memphis Railway & Bridge Company, as well as the St. Louis & San Francisco Railroad Company, was whether they or either at the time of the accident owned the bridge, which, as alleged, had been negligently constructed and at the date of the injury was, with its tracks, negligently maintained and operated; and the question is: Did the plea of not guilty put the plaintiff to his proofs in support of this important and specific averment of title? It would have so operated under the rule at common law. 1 Chitty on Pl. (11th Am. Ed.) 500; Caruthers' History of a Lawsuit (3d Ed.) § 106, p. 196; Stephen on Pl. (3d Am. Ed.) p. 174; City of Champaign v. McMurray, 76 Ill. 353, 354. And see, independently of the common-law rule, Frisby v. Transit Co., 214 Mo. 567, 577, 113 S. W. 1059. Further, in Cumberland Telephone & Telegraph Co. v. Floyd, 112 Tenn. 304, 306, 79 S. W. 795, the effect of this plea was determined in connection with the Code of Tennessee, and we regard the ruling in principle as decisive of the present question. The court was considering a judgment recovered below for alleged negligent death of plaintiff's intestate. The death was caused during a storm by an electric current diverted from wires then maintained by the company over a tollhouse, on the porch of which decedent was at the time standing. In the course of the opinion Chief Justice Beard said:

"* * * The averment in the declaration is that this company 'negligently constructed and negligently maintained' these wires. That this averment was an essential element of the plaintiff's action is clear, and, being so, it was necessary to prove it, unless, as is now insisted, it was impliedly admitted by the plea of 'not guilty.'"

After discussing the common-law rule touching the effect of this plea, and following the rule laid down by Addison that, "if the defendant is charged with acts of omission, nonfeasance, and neglect of duty, the facts creating the duty must be proved, and the defendant's neglect established." (1 Addison on Torts [4th English Ed.] § 290, at page 254), the Chief Justice continued (112 Tenn. 307, 79 S. W. 796):

"So far as we can see, there was not any exception to this rule at common law, and no reason has been suggested why the plea should have a narrower scope under our Code practice. In fact, Shannon's Code, § 4634, provides that 'the defendant may enter a general denial of the plaintiff's cause of action, equivalent to the general issue heretofore in use.' It certainly would be a curious anomaly in practice should it be held that the plea of not guilty raised the general issue in the present case, yet that its effect was to admit the averment of negligence upon which the plaintiff rests his right to recover. No such result follows. The burden was on plaintiff to make out his case, and, failing in the particular indicated, the judgment is reversed."

We ought perhaps to say, by way of precaution, that it is not meant to pass upon the scope of denial that should be accorded to this form of plea, where ownership is not an essential element of the plaintiff's action, or is not so treated at the trial. See, for example, Chicago

Union Trac. Co. v. Jerka, 227 Ill. 95, 99, 100, 81 N. E. 7. It is to be observed, moreover, that the instant case was not aided prior to the time when the court was called upon to act on the questions of directed verdicts through evidence tending to show occupation and control of the bridge by either of the defendants so charged with owning it; nor had evidence been offered in support of the further averment that these companies by contract permitted their codefendants to use the bridge in crossing the Mississippi river. Whatever the relations of these companies to the bridge in truth were, the court below was at that period of the trial left to surmise; and, since the proofs were thus lacking upon which alone the alleged negligent acts and omissions of these two companies could be founded, we do not see how the trial court could have done otherwise than to direct verdicts in their favor. Patton v. Texas & Pacific Railway Co., 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361. We are the more content with this conclusion because of the ultimate verdict of the jury and the refusal of the court below to set it aside, after hearing the merits of the case in the trial between plaintiff and the company in whose employment intestate was engaged. In saying this we do not overlook the evidence, which was offered by the only remaining defendant after it had opened its defense, tending to show that the companies composing the Frisco System controlled the operation of the bridge; but plaintiff thereupon failed to take any steps to have the directed verdicts set aside or his case reopened, and so in practical effect acquiesced in these verdicts.

Furthermore, the case made against the company employing Mason embraced issues before pointed out that were, when once determined, practically decisive of the question whether the other companies were guilty of the negligent acts and omissions charged against them. The employing company was charged with negligence involving the alleged low beam of the bridge and the absence of telltales at its approaches; and these were of the essence of the charges against the other companies. The most that can be claimed in behalf of plaintiff is that the proofs offered, respectively, by him and the defendant employing Mason were in conflict concerning (1) the clearance between the low beam complained of (or any of the other beams touching which measurements are claimed to have been made) and the tops of the highest cars shown to have been in the train and on any of which Mason could have been standing, and (2) Mason's own height; and, when the place on the bridge at which plaintiff's witnesses evidently made measurements as to heights of beams is considered in connection with the place where Mason was last seen on top of the train (no one having witnessed the accident), the jury might well have found that the weight of the evidence was against the theory either of the existence of a low beam or of Mason's injury by a beam at all.

[3] And it is safe to say that upon plaintiff's own evidence the presence of telltales was not necessary to advise Mason of his approach to the bridge, because the bridge was near the beginning of his trip and he was accustomed to riding over it on tops of freight cars as a brakeman; moreover, he was nearly across when the place was reached where it is claimed that the injury happened, and so must

throughout have known of the presence of the bridge through the sound produced by the train moving upon it. These considerations alone are enough to distinguish this case from that of Cincinnati, N. O. & T. P. Ry. Co. v. Jones, 192 Fed. 769, 113 C. C. A. 55, 47 L. R. A. (N. S.) 483 (C. C. A. 6th Cir.).

The charge of the court was such as fully and fairly to instruct the jury of its province in considering the issues made, including its duties concerning the evidence offered by both sides. The charge included the substance of every request, both oral and written, that was made on behalf of plaintiff, except the written request to charge that all the beams between the middle of the bridge and its Arkansas end were to be treated as being at that end, and we think, in view of the number of the beams, this was rightly denied; the steel structural portion of the bridge being 2,250 feet in length and comprising 44 beams.

[4] The trial judge's expressions of opinion touching the tendency of certain portions of the evidence amounted only to suggestions, because of their language and the explanations accompanying them. The evident effect was to admonish the jury that all questions of fact were to be determined by its judgment, independently of anything said by the court, and this severance of questions of fact and of law relieved the charge of any material objection in this respect. Simmons v. United States, 142 U. S. 148, 155, 12 Sup. Ct. 171, 35 L. Ed. 968; Graham v. United States, 231 U. S. 474, 480, 34 Sup. Ct. 148, 58 L. Ed. 319; Young v. Corrigan, 210 Fed. 442, 443, 127 C. C. A. 174 (C. C. A. 6th Cir.); Yazoo & M. V. R. Co. v. Long, 201 Fed. 881, 885, 120 C. C. A. 219 (C. C. A. 6th Cir.); United States v. Foster (D. C.) 183 Fed. 626, 628, 629; Sandals and Griffin v. United States, 213 Fed. 569, 130 C. C. A. 149, decided by this court May 5, 1914, and citations.

[5] Error is assigned to the action of the court in denying plaintiff's counsel the right to make statements in the presence of the jury, in addition to statements theretofore made, in reference to the application of defendants' counsel to have the jury view the bridge; this, like the refusal to permit the jury to make such view, was clearly within the discretion of the court. Error is also assigned to the refusal to grant a new trial upon an affidavit of J. H. McKinney, in which it was stated that a witness for defendant had been unduly influenced as to a portion of his testimony. Exclusion of his entire testimony would not affect the result. In the absence, as here, of a showing to the contrary, it must be presumed that the matter was investigated and passed upon below; and the court's action thereon, being within its discretion, is not subject to review. Van Stone v. Stillwell & Bierce Mfg. Co., 142 U. S. 128, 134, 12 Sup. Ct. 181, 35 L. Ed. 961; Big Brushy Coal & Coke Co. v. Williams, 176 Fed. 529, 532, 533, 99 C. C. A. 102 (C. C. A. 6th Cir.); Worthington v. Elmer, 207 Fed. 306, 125 C. C. A. 50 (C. C. A. 6th Cir.).

Upon the whole we are convinced that no reversible error intervened; and the judgment is accordingly affirmed, with costs.