### RAY v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. April 9, 1920.)

No. 3341.

1. Criminal law ☞1044—Sufficiency of evidence not reviewable in absence of motion for directed verdict.

The question of the sufficiency of the evidence to sustain the verdict in a criminal case is not presented for review by the appellate court, in the absence of a motion for directed verdict, but may be considered by the court, where it clearly appears that error has intervened to the prejudice of defendant.

2. Criminal law ☞777½, 780(3)—Instructions as to receiving testimony of accomplice and reviewing evidence, held sufficient.

Instructions in a criminal case respecting consideration to be given by the jury to the testimony of an accomplice, and also respecting statements by the judge reviewing the evidence, held sufficient.

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Criminal prosecution by the United States against Willie Ray. Judgment of conviction, and defendant brings error. Affirmed.

A. B. Galloway, of Memphis, Tenn., for plaintiff in error.
Wm. D. Kyser, U. S. Atty., of Memphis, Tenn.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. Plaintiff in error, Willie Ray, was jointly indicted with Allen McNamara, Percy Martin, and William Jennings upon an indictment containing two counts; the first count charging the unlawful and felonious breaking of a seal of a railroad car containing an interstate shipment of freight, and the second count charging the stealing and carrying away of 99 cases of whisky, which was moving in interstate commerce from Louisville, Ky., to Monroe, La. An order of nolle prosequi was entered as to William Jennings and Percy Martin. Upon the trial of Ray and McNamara the court directed the jury to return a verdict of not guilty as to defendant

McNamara. Ray was found guilty as charged in the indictment, and sentenced to imprisonment for a period of five years, and assessed a fine of $1,000 and costs. . There was no motion by the defendant for a directed verdict, either at the conclusion of the evidence offered by the government or at the conclusion of all the proof.

[1] Counsel for plaintiff in error insists that there is no substantial evidence to sustain this verdict of guilty. That question is not presented by the record in this case. Wear v. Imperial Window Glass Co., 224 Fed. 60, 139 C. C. A. 622; City of Lincoln v. Sun Vapor Street Light Co., 59 Fed. 756, 8 C. C. A. 253. However, in a criminal case, where it clearly appears that error has intervened to the prejudice of the defendant, a reviewing court may correct that error, although the question may not have been raised in a formal or proper manner. Wiborg v. United States, 163 U. S. 632, 16 Sup. Ct. 1127, 1197, 41 L. Ed. 289; Crawford v. United States, 212 U. S. 183, 29 Sup. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392.

The credibility of witnesses, however, is always a matter for the determination of the jury. In this case, if the jury believed the evidence of Jennings, the accomplice of Ray, as it evidently did, it could have arrived at no other conclusion than the conclusion declared in its verdict of guilty. But, aside from the evidence of Jennings, there is other evidence in this record that would require the cause to be submitted to the jury, and that would sustain this verdict.

[2] In view, however, of the testimony of Jennings to material facts not within the knowledge of other witnesses, the claim of counsel for plaintiff in error that the court erred in not cautioning the jury against placing too much reliance upon the testimony of an accomplice becomes a very important question in the determination of this case. In reference to this question the trial court charged:

"The fact that he is an accomplice should lead the jury to look at the story in the light of all the other evidence, and weigh it in the light of all the other evidence, and weigh it in the light of the fact that he places himself there as one of the perpetrators of the crime."

And again the court said:

"You should examine his testimony in the light of all the other testimony that is before you, mindful of the fact that he was of the party, and give it such weight as you believe it is reasonably entitled to. Is there any evidence that you do believe that corroborates what he said in that particular?"

This, we think, is sufficient caution to the jury in reference to the consideration it should give to the testimony of an accomplice in crime. Caminetti v. United States, 242 U. S. 470, 495, 37 Sup. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168.

At the close of the general charge, counsel for plaintiff in error requested the court to give the following special request:

"I want to ask your honor to further charge the jury that they cannot convict the defendant on the uncorroborated testimony of his accomplice, Jennings."

It is not now seriously contended that this charge should have been given, and, if such contention were made, it would be fully an-

swered by the opinion of the Supreme Court in the case of Caminetti v. United States, supra.

It is also insisted upon behalf of plaintiff in error that the court in its charge gave too much prominence to the evidence offered by the government, and that its charge was largely argumentative. The court, not only had the legal right, but it was its duty to review the evidence, provided it informed the jury that it was the trier of the fact, and that the jury must depend upon its own recollection as to the evidence. In this connection the court said:

"Wherever I made an attempt to recite what a witness said, I was only giving you my recollection of it, and in so far as my recollection of what was said doesn't accord with your own, you must act upon your own recollection of it, and not upon the court's, as I only attempted to recite the substance of the testimony, with a view of presenting a concrete case for your decision. You must remember the evidence, and pass upon it as you remember it."

It is therefore evident that the court did not err in its charge in this respect. Lovejoy v. United States, 128 U. S. 171, 9 Sup. Ct. 57, 32 L. Ed. 389; Young v. Corrigan, 210 Fed. 442, 127 C. C. A. 174.

The other assignments of error are not discussed in the brief of counsel for plaintiff in error; but, upon an inspection of the whole record, we are of the opinion that no error intervened in the trial of this cause prejudicial to the rights of the plaintiff in error.

The judgment is affirmed.