## MORENKOW v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. November 16, 1921.)

### No. 3557.

**Indictment and information ⊜⇒62—Presumption that money paid railroad employés was property of United States and need not be alleged in conspiracy indictment.**

In a prosecution for conspiracy to defraud the United States by adding fictitious names to the pay roll of a railroad which had been under federal control for more than a year, the conviction should not be reversed for absence of affirmative proof (a point not raised on the trial) that the money obtained by means of such fictitious entries was money derived from the operation of the road during federal control, within Federal Control Act, § 12 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115¾ l), and therefore the property of the United States; there being a presumption that it was so derived.

In Error to the District Court of the United States for the Western Division of the Northern District of Ohio; John M. Killits, Judge.

Criminal prosecution by the United States against Samuel Morenkow. Judgment of conviction, and defendant brings error. Affirmed.

Hackett & Lynch, of Toledo, Ohio, for plaintiff in error.
Warren P. Dillon, Asst. U. S. Atty., of Toledo, Ohio.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. Plaintiff in error was yard foreman of the track department of the Michigan Central Railroad yards at North Toledo, Ohio. He was convicted of conspiring with the man who kept the time of those employed in that department, to defraud the United

States (while the railroad was under federal control), by obtaining money to which respondents were not entitled, through the entry on the time roll of false and fictitious names of purported employés.

In our opinion the judgment should be affirmed. There is no merit in the contention that verdict should have been directed for defendant for lack of proof that the moneys which were the subject of the alleged conspiracy were (as the indictment charged) "the property of the United States" by virtue of section 12 of the Federal Control Act (March 21, 1918, 40 St. 451, 457 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115¾l]) which declares that "moneys and other property derived from the operation of the carriers during federal control" are "the property of the United States." The point urged is that it did not affirmatively appear that the moneys in question were derived from operation rather than from "unexpended balances remaining in the accounts of the railroad company." This proposition was not raised below. The only ground of the motion to direct was the absence of "testimony tending to prove the guilt of the defendant other than the uncorroborated testimony of * * * the accomplice," which was not a good ground. Holmgren v. U. S., 217 U. S. 509, 523, 30 Sup. Ct. 588, 54 L. Ed. 861, 19 Ann. Cas. 778; Caminetti v. U. S., 242 U. S. 470, 495, 37 Sup. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168; Ray v. U. S. (C. C. A. 6) 265 Fed. 257, 258. In fact, the jury was advised that it was "unsafe to convict a man under trial upon the uncorroborated testimony of an accomplice," and there was such corroboration. The charge by necessary implication treated the moneys in question as the property of the United States. No exception was taken to the charge with which defendant was apparently satisfied. Prima facie the moneys came from operation, for we must take judicial cognizance that the railroad had been under federal control as much as a year and a half before the alleged offense. Bloch v. U. S. (C. C. A. 5) 261 Fed. 321, 323. And the natural presumption of fact would be that any balance remaining from funds turned over by the railroad company had long before been exhausted. There was nothing opposed to that presumption, and the jury would have been justified in so finding. We find no reversible error in the admission of testimony. It is enough to say that unless where the testimony was plainly admissible it was either not objected to or the ground of objection not stated. Robinson v. Van Hooser (C. C. A. 6) 196 Fed. 620, 624, 625, 116 C. C. A. 294. The record does not present a case justifying departure from the ordinary rules of practice. Tucker v. U. S. (C. C. A. 6), 224 Fed. 833, 841, 140 C. C. A. 279.

Judgment affirmed.