## FARAONE v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. June 30, 1919.)

No. 3271.

1. INTERNAL REVENUE ⬤47—LIQUOR TAX—EVIDENCE—SUFFICIENCY.
   Evidence *held* to warrant defendant's conviction on the charge that he was carrying on a retail liquor business without having paid the required special tax.

2. CRIMINAL LAW ⬤330—EVIDENCE—DEFENSIVE MATTER PECULIARLY WITHIN KNOWLEDGE OF DEFENDANT.
   Where defendant was charged with carrying on the business of a retail liquor dealer without having obtained a federal license and paid the special tax, the government need not prove the nonpayment of tax, for the matter was peculiarly within the knowledge of defendant, and he might prove payment without inconvenience.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. INTERNAL REVENUE ⊂⊃47—LIQUOR TAX—EVIDENCE—REPUTATION.**

In a prosecution for carrying on the business of a retail liquor dealer without having paid special federal tax, the refusal of the trial court to allow proffered witnesses to testify as to whether they had ever heard of liquor being sold at defendant's place of business cannot be held error, where the record did not disclose the opportunity such witnesses had for knowing the defendant's reputation or the reputation of his place of business.

**4. INTERNAL REVENUE ⊂⊃47—LIQUOR TAX—INSTRUCTIONS.**

In a prosecution against defendant, a grocer, for carrying on a retail liquor business without paying the special federal tax, a special charge that, if the sales testified to by the prosecuting witness were made by defendant's clerk, it was necessary to prove that the clerk was his agent and acted with his knowledge, was properly refused, for, while defendant could not be convicted on proof of sales made by his clerk without his knowledge, yet the vital question in the case was not whether any particular sales were made, but whether defendant was carrying on the business of retail liquor dealer without payment of the special tax, and hence the request was predicated on a false issue.

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Nick Faraone was convicted of carrying on the business of retail liquor dealer without having paid the special tax required therefor by federal law, and he brings error. Affirmed.

Clarence Friedman, of Memphis, Tenn., for plaintiff in error.

Wm. D. Kyser, U. S. Atty., of Memphis, Tenn.

Before KNAPPEN and DENISON, Circuit Judges, and HOLLISTER, District Judge.

HOLLISTER, District Judge. The plaintiff in error, Nick Faraone, herein called defendant, was tried on an indictment charging that in 1917, at Memphis, Tenn., he "did carry on the business of a retail liquor dealer without having paid the special tax therefor, as required by law," and was convicted and sentenced to imprisonment, and to pay a fine.

At the trial there was evidence tending to show that in September, 1917, J. W. Harris, of Savage, Miss., riding in his automobile to Memphis, purchased at defendant's grocery at Memphis, from defendant himself a half pint of whisky, for which he paid $2; that again, in October or November, 1917, he stopped at defendant's store and bought a half pint of whisky from defendant's clerk; and that on each occasion the whisky was taken from the same place behind the counter in the store.

A deputy United States marshal testified that in December he found in the lot in the rear of defendant's grocery, and about 50 feet therefrom, sunk in a hole in the ground, a barrel in which were two sacks containing about 40 half pint bottles of whisky, and in a room adjoining the grocery about 500 empty half pint bottles. A detective of the city of Memphis, who was with the deputy marshal, corroborated him, and said also that in the cellar of the house, and in the lot, there were several barrels sunk in the ground similar to the barrel in which the whisky was found.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

No reference need be made to defendant's testimony, except to say that he denied having sold any whisky to Harris or to any one, and said that he had not authorized his clerk to sell whisky.

[1] From all the testimony in the case, the jury was amply justified in finding that the defendant carried on the business of retail liquor dealer at the time and place charged.

[2] The government made no offer to prove the averment in the indictment that the special tax required by law was not paid, and the defendant made no reference to the subject in his testimony. It was evidently assumed by court and counsel that proof of such a negative averment is not required. The assumption was justified by the authorities and on reason. If payment had been made, the fact was peculiarly within defendant's knowledge, and he could have shown it without inconvenience. He could thereby have prevented any proceedings against him, or could have brought them to an end at any time. The subject is discussed at length in 2 Chamberlayne's Evidence, § 983, with references to many cases. See, also, 1 Greenleaf on Evidence, § 79 (16th Edition), and cases directly in point; Williams v. People, 121 Ill. 84, 11 N. E. 881; People v. Boo Doo Hong, 122 Cal. 602, 55 Pac. 402; State v. Foster, 23 N. H. 348, 55 Am. Dec. 191; State v. Shaw, 35 N. H. 217; Wheat v. State, 6 Mo. 455.

[3] It is claimed, however, that error intervened because the court would not permit each of three certain witnesses, concerning whom the record tells us nothing excepting their names and that they had testified to defendant's "good character," to answer the question "Whether he had ever heard of any whisky being sold at defendant's place of business." Who these three proffered witnesses were, and what opportunities they had of knowing defendant's reputation or the reputatior of his place of business, are not disclosed by this record.

It is elementary that reputation can only be proved by those who have the means of knowing it. These must show, either on direct or cross examination, their sources of knowledge before they can, in any event, become qualified to testify.

Assuming that these witnesses, having been permitted to testify as to defendant's general "good character" (of course, they could only testify as to reputation) in the community in which he lived, had shown sufficient qualifications for that purpose, and assuming, further, for the purposes of this opinion, that the question put would have been permissible if a proper foundation had been laid for it, it is sufficient to say that it does not appear from the showing made or offered that these witnesses had such familiarity with defendant's place of business as would have rendered their testimony on the subject competent or material. There was no error in sustaining the objection to the question.

[4] The general charge of the court was not excepted to, and presumably covered the law of the case. After that charge, however, defendant's counsel asked the court to give a special charge:

"That if they did not believe that the whisky was purchased by Harris from defendant, but did believe that Harris purchased the same from his clerk, in order to convict the defendant the jury must further be satisfied from the

evidence that the clerk who made the sale, made it as his agent, and with the knowledge of the defendant."

The court refused to so charge, and instead said to the jury:

"In that connection I instruct you that if you find beyond a reasonable doubt that the defendant had and kept intoxicating liquors for sale at his place of business and you further find that at both sales testified to by government witnesses the defendant was not present and you also find that his clerk made both sales, in the conduct of defendant's business while the latter was absent, in such circumstances it would not be necessary to prove that defendant had actual knowledge of either or both sales, in order to establish his guilt."

To the refusal to charge as requested, and to this charge as given, counsel duly excepted and assigned error.

The trial judge was right in refusing to give the charge asked for and in charging the jury as he did. The vital question in the case was not based alone on any particular sale or sales of whisky by the defendant himself or by his clerk. The question was whether, at the time and place charged, the defendant carried on the business of a retail liquor dealer. Facts shown by the evidence other than the sales themselves were involved in the solution of that question.

There are many cases in which it is held that charges of law-breaking by the sale of liquor cannot rightfully be made against a principal because of sales by his clerk without the principal's knowledge or consent. This is no more than saying that a man who is innocent of an offense cannot be rightfully convicted of having committed it. The charge asked for was predicated on a false issue, to the exclusion of the real issue in the case. The sales themselves were but items of evidence to be considered by the jury, together with the other evidence, in determining whether or not the defendant was carrying on a retail liquor business.

Two sales of whisky by a clerk in a grocery, without the consent of the owner and without his authority, would not, of course, make defendant's grocery a place in which he was also carrying on a retail liquor business; but two sales of whisky by his clerk, though without his knowledge of the particular sales, tending to show, with other evidence, that those two sales were part of many others in the past, and a part of many others to be made in the future, were probative of the charge that the defendant was carrying on a retail liquor business. And it is quite immaterial, if true, that defendant did not know of these two particular sales or that he had not authorized them to be made. The vice in the requested charge is that it singled out particular circumstances, while omitting all reference to others of importance. It is not error to refuse such a charge. Railway Co. v. Leak, 163 U. S. 280, 16 Sup. Ct. 1020, 41 L. Ed. 160; Coffin v. U. S., 162 U. S. 664, 16 Sup. Ct. 943, 40 L. Ed. 1109; Railway Co. v. Svedborg, 194 U. S. 201, 24 Sup. Ct. 656, 48 L. Ed. 935; Railway Co. v. Ives, 144 U. S. 408, 433, 12 Sup. Ct. 679, 36 L. Ed. 485.

It thus being shown that the trial judge committed no errors in the particulars assigned, the judgment below will be affirmed, at the costs of the plaintiff in error.