### KIERSKY v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. March 11, 1920.)

#### No. 3337.

1. INTERNAL REVENUE ⬅⮕47—EVIDENCE HELD TO SUSTAIN CONVICTION OF ILLICIT LIQUOR DEALER.

On trial of defendant, charged with carrying on the business of retail liquor dealer without having first paid the special tax therefor, evidence of a sale of whisky in defendant's place of business and in his presence, and that shortly afterwards, on search, nearly 50 cases of whisky were found in the room, *held* sufficient to sustain conviction.

2. CRIMINAL LAW ⬅⮕359—IN PROSECUTION OF ILLICIT LIQUOR DEALER, EVIDENCE AS TO ARREST OF CLERK WHO MADE SALE IRRELEVANT.

On trial of defendant for carrying on business of retail liquor dealer without payment of special tax therefor, evidence of arrest by state authorities of his clerk, who actually made the sale on which the charge was based, *held* properly excluded as irrelevant.

3. INTERNAL REVENUE ⬅⮕47—FAILURE TO PROVE THAT DEFENDANT DID NOT HAVE A TAX PAID STAMP NOT REVERSIBLE ERROR.

Failure of prosecution to prove that defendant, charged with carrying on business of retail liquor dealer without payment of special tax, did not have a tax-paid stamp, *held* not ground for reversal.

---

⬅⮕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. CRIMINAL LAW ⊙~923(2)—COMMENTS OF JUDGE ON EVIDENCE NOT ERROR, WHERE CORRECTED BY OTHER INSTRUCTIONS.

Comments in the charge by the judge on the evidence in a criminal case *held* not reversible error, where he expressly instructed the jury that they should act only on their own impression and judgment as to its weight.

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Criminal prosecution by the United States against Harry Kiersky. Judgment of conviction, and defendant brings error. Affirmed.

Phil M. Canale, of Memphis, Tenn., for plaintiff in error.

Thos. J. Walsh, Asst. U. S. Atty., of Memphis, Tenn.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. The plaintiff in error was indicted for unlawfully and feloniously carrying on the business of a retail liquor dealer, without having paid the special tax therefor, in violation of the provisions of section 3242, R. S. (Comp. St. § 5965). The jury returned a verdict of guilty, and thereupon a motion for new trial was filed, which was overruled by the court. There was also a motion in arrest of judgment, which was likewise overruled, and sentence pronounced.

[1] Counsel for plaintiff in error has, in his brief filed in this case, very clearly stated the material facts necessary to be proven in order to sustain this conviction as follows:

(1) That a sale of intoxicating liquors was made. (2) That the sale was made with the knowledge and consent of the defendant. (3) Additional surrounding facts and circumstances, showing that the defendant was engaged in carrying on the business of a retail liquor dealer without the license as required by law.

There is evidence in this record that a sale of intoxicating liquor was made; that this sale of intoxicating liquor was made by the employé of the defendant in the usual and ordinary course of business and in the presence of the defendant. The presumption naturally obtains that it was with his knowledge and consent and that the employé was acting within the scope of his employment. Carroll v. State, 63 Md. 556, 3 Atl. 29. The additional surrounding facts and circumstances shown by the evidence in this case not only tend to prove that the defendant knew and consented to the sale of liquor by his employé, but also that defendant was engaged in carrying on the business of a retail liquor dealer. A search of the premises was made within a very short time after this sale by Foster, the clerk, and a bottle of whisky was found wrapped in a towel behind the bar and 49 or 50 cases of whisky were found in the room in which the defendant was conducting his business. This whisky was placed in cases that originally contained coca-cola and other soft drinks. The bottles containing these soft drinks were removed, except those around the openings in the boxes and bottles containing whisky were substituted. Some Bevo cases contained nothing but whisky. There were also some cases of

⊙~For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

beer marked "Pilsener." At the time of the arrest defendant was back of the bar and was wearing a white apron. Foster, his clerk, was also present and assisting defendant in the transaction of business.

The defendant testified in his own behalf that he had not consented to the sale of intoxicating liquor and had no knowledge thereof; that he did not know that there was any whisky in his place of business; that the same had been brought there without his knowledge and consent by his employé, Foster. If the jury believed this testimony of the defendant to be true, it should have returned a verdict of not guilty, and the court so instructed; but the jury saw him, heard him testify and evidently disbelieved his story.

The story was not one that would readily find favorable consideration from any jury, especially in view of the enormous quantity of whisky found in this room. It is hardly likely that any employé would attempt the sale of liquor on such a gigantic scale without the knowledge and consent of his employer. Nor does it seem possible that he could conduct the sale of liquor in such quantities without his employer discovering that fact. The finding of a bottle of whisky behind the bar where Kiersky was working when the officers came in to make the arrest shows that Foster was not making any attempt to conceal the liquor from Kiersky, and the explanation of how such a large quantity got into the soft drink boxes is at best unreasonable. The defendant also testified that he had information prior to this time that Foster was selling whisky. If this was being done without his knowledge and consent, he certainly made no effort to discover the whisky or to deprive Foster of the opportunity of selling the same at retail. His failure to make search or to take active means to prevent sale of liquor in his place of business would tend to discredit his testimony that he had no knowledge that such sales were being made.

It is also claimed that it was prejudicial to permit the witness McElveen to testify that he was induced to go into the defendant's place of business by reason of reports that had reached him; but he was not asked, and did not state, what these reports were. The fact that the witness had received such report was within his own knowledge, and not hearsay evidence; but the statements contained in that report would be hearsay, and not admissible in evidence against the accused.

[2] The court did not err in refusing to permit the defendants to show that the clerk, Foster, was arrested in the criminal courts of Shelby county, Tenn. The fact that Foster was indicted did not prove his guilt. On the other hand, if he made the sale, either with or without the consent of his employer, he would be guilty of an offense under the statutes of Tennessee. So that, even if Foster had been convicted of such offense, that fact would in no wise tend to prove the innocence of this defendant.

[3] It is also urged upon our attention that the government failed to show that the defendant did not have a retail dealer's license. There is evidence in this record that no such license was on display in the room in which this business was conducted. However, that contention is fully answered in the opinion in the case of Faraone v. United States, 259 Fed. 507, —— C. C. A. ——.

[4] It is also assigned as error that the trial judge, in various parts of his charge to the jury, made improper comments upon the evidence. The judge, however, in the beginning of his charge, said to the jury:

"You have heard all the evidence, and I may recite the substance of it. If I misstate it, or state it differently from what you understood it, you will act upon your own recollection of the evidence, and your understanding of it, and not mine. Otherwise, you would not have tried the case on the evidence as you understood it, but on the evidence as some one else understood it."

Again, later in the charge, the court said:

"I don't know how it impressed you; you must determine that for yourself."

After exceptions had been taken on behalf of the defendant, the court further said:

"In reference to my expressing an opinion as to the defendant's testimony as it impressed me, if I did not say so, I want to add now: You must determine the weight of this evidence for yourselves, and take as your guide the impression his evidence made upon you, without regard to how it impressed the court."

It would therefore appear that the charge is within the established rule in federal courts. Lovejoy v. U. S., 128 U. S. 171, 9 Sup. Ct. 57, 32 L. Ed. 389; Young v. Corrigan, 210 Fed. 442, 127 C. C. A. 174.

Judgment affirmed.