## HOWARD et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. February 8, 1921.)

No. 3452.

**1. Criminal law ⬤⇒1159 (4)—Credibility of witnesses is for jury.**

A conviction cannot be reversed for the reasons that the testimony of a witness for the government relating to an admission by a defendant was incredible, that numerous witnesses testified the offense was committed by persons other than defendant, and that there was testimony that defendants were of good character, while important witnesses for the government had a bad reputation for truth.

**2. Criminal law ⬤⇒1156 (1)—Denial of new trial reviewable only for abuse of discretion.**

The ruling on motion for new trial cannot be reviewed, in the absence of a clear showing that discretion was abused.

**3. Criminal law ⬤⇒1159 (2)—Appellate court cannot weigh testimony.**

A conviction will not be reversed for insufficiency of the evidence, where there is substantial evidence tending to sustain the conviction.

**4. Internal revenue ⬤⇒2—Volstead Act did not impliedly repeal revenue laws as to past offenses.**

The National Prohibition Act, which did not expressly repeal the internal revenue laws relating to distilling liquors, did not impliedly repeal them, at least so far as they related to violations already committed.

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Henry Howard and others were convicted of illegally distilling liquor contrary to the statutes relating to internal revenue, and they bring error. Affirmed.

T. A. Lancaster, of Lexington, Tenn. (W. H. Lancaster, of Lexington, Tenn., on the brief), for plaintiffs in error.

Wm. D. Kyser, U. S. Atty., of Memphis, Tenn.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge. Plaintiffs in error were charged with so-called "moonshining," under an indictment containing seven counts, based upon sections 3257, 3258, 3260, 3279, and 3296 of the Revised Statutes of the United States (Comp. St. §§ 5993, 5994, 5997, 6019, 6038), which relate to internal revenue. Bird was convicted upon the fifth count only. Howard and Stanford were convicted upon each of the seven counts, but their respective sentences were no greater than might have been imposed on one only of the counts. It is enough, as to them that the conviction be good as to either of the counts. Abrams v. United States, 250 U. S. 616, 619, 40 Sup. Ct. 17, 63 L. Ed. 1173.

There was no motion to direct verdict, and no exception was taken to the charge of the court. The error here complained of is addressed to the refusal of the court below to grant a new trial, by reason of alleged insufficiency of evidence to support the conviction.

[1] There was substantial and direct testimony tending to show the defendants guilty. The contention made here is that the conviction

should not be allowed to stand for the reasons: (a) That the testimony of a witness for the government, relating to an admission by one of the defendants, should be regarded as incredible; (b) that it was shown by numerous witnesses that the still was operated by other persons named, and not by defendants; and (c) that there was considerable testimony that defendants were of good character and that two of the important witnesses for the government were of bad reputation for truth. Questions of credibility of witnesses are peculiarly for the jury. Rochford v. Pennsylvania Co. (C. C. A. 6) 174 Fed. 81, 98 C. C. A. 105; Byers v. Carnegie Co. (C. C. A. 6) 159 Fed. 347, 86 C. C. A. 347, 16 L. R. A. (N. S.) 214.

[2, 3] The motion for new trial was addressed to the sound discretion of the trial judge, and cannot be reviewed, in the absence of clear showing that such discretion was abused. Robinson v. Van Hooser (C. C. A. 6) 196 Fed. 620, 627, 116 C. C. A. 294. There is no ground for the claim that this discretion was abused. It is enough that there was substantial evidence tending to sustain the conviction. We cannot weigh the testimony. West v. United States (C. C. A. 6) 258 Fed. 413, 421, 169 C. C. A. 429.

[4] There is no merit in the contention (made for the first time in this court) that the indictment and the proceedings thereunder are void, from the fact that the indictment was not found until after the taking effect of the National Prohibition Act (chapter 83, Sixty-Sixth Congress, 1st Session, p. 305). The alleged violation of the revenue act occurred long previous to the passage of the Volstead Act, which contains no express repeal of the revenue sections in question, and there is certainly no implied repeal of these sections, so far as relates to violations already committed. We must not be understood as intimating an opinion that the revenue sections in question were impliedly repealed as to future acts.

The judgments of the District Court are affirmed.