## LAURIE v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. February 7, 1922.)

No. 3580.

1. **Criminal law ⬅️1159(2)—Appellate court cannot review weight of evidence.**
    A federal appellate court has no authority to determine the weight of the evidence.

2. **Criminal law ⬅️1156(1)—Ruling on motion for new trial not reviewable.**
    In the federal courts a motion for new trial is addressed to the sound discretion of the trial court, and its ruling can be reviewed and reversed only when it clearly appears that the court has abused its discretion.

3. **Intoxicating liquors ⬅️224—In prosecution for unlawful possession, lack of permit need not be proved.**
    Under an information for unlawful possession of intoxicating liquors, the prosecution is not required to prove that defendant did not have a permit authorizing such possession.

4. **Criminal law ⬅️799—Instruction as to argument on credibility of policeman held not erroneous.**
    An instruction, commenting on argument of defendant's counsel, that the testimony of a police officer should be weighed on its merits and that he was not to be discredited because of his occupation, *held* not erroneous, as it was the court's duty to advise the jury not to be misled by the argument.

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Criminal law ⊜⟹1111(1)—Record conclusive as to sentence imposed.**

An appellate court is concluded by the record as to the sentence imposed on a defendant on a particular count, and cannot consider whether or not there is a clerical error therein.

**6. Criminal law ⊜⟹984—Illegality of sentences on one count does not affect validity of sentence on another count for different offense.**

Where the court imposed a separate sentence on each count of an indictment charging different offenses, the fact that the sentence of one count was unauthorized does not affect the validity of the sentence on another count.

In Error to the District Court of the United States, for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Criminal prosecution by the United States against John Laurie. Judgment of conviction, and defendant brings error. Affirmed, but remanded for correction of sentence.

Benj. H. Schwartz, of Cleveland, Ohio (Rocker & Schwartz, of Cleveland, Ohio, on the brief), for plaintiff in error.

Berkeley W. Henderson, Asst. U. S. Atty., of Cleveland, Ohio (E. S. Wertz, U. S. Atty., and D. J. Needham, Asst. U. S. Atty., both of Cleveland, Ohio, on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. On the 25th of January, 1921, John Laurie, the plaintiff in error, was convicted upon both counts of an information filed by the United States district attorney in the United States District Court, Northern District of Ohio, Eastern Division. The first count of this information charged Laurie with unlawful possession of intoxicating liquor. The second count charged him with the unlawful sale of intoxicating liquor. A separate sentence was imposed upon each count.

[1] It is insisted by counsel for plaintiff in error that the verdict of the jury is against the manifest weight of the evidence. This court, however, has no authority to determine the weight of the evidence. Revised Statutes, § 1011 (Comp. St. § 1672); Casualty Co. v. Whiteway et al., 210 Fed. 782, 127 C. C. A. 332; Atlantic Ice & Coal Corp. v. Sam Van, 276 Fed. 646.

[2] It is further claimed on behalf of plaintiff in error that the verdict of the jury is not sustained by any substantial evidence, for the reason that the government offered no evidence whatever tending to prove that the defendant had not secured a permit to sell intoxicating liquor. No motion was made by the defendant, at the close of all the evidence, for a directed verdict. On the contrary, defendant sought to raise the questions, both as to the weight of the evidence and the sufficiency of the evidence, by a motion for a new trial. Such a motion, however, is directed to the sound discretion of the trial court, and cannot be reviewed and reversed, unless it clearly appears that the court abused its discretion. West v. U. S., 258 Fed. 413, 169 C. C. A. 429; Howard v. U. S. (C. C. A.) 271 Fed. 301.

[3] If it were conceded, however, that the record properly presents the question of the sufficiency of the evidence, nevertheless that ob-

jection is without merit. On an indictment of this character the government is not required to prove that the defendant did not have a permit authorizing him to possess intoxicating liquors. Kiersky v. U. S. (C. C. A.) 263 Fed. 684; Faraone v. U. S., 259 Fed. 507, 170 C. C. A. 483.

[4] It is also insisted that the trial court erred in its charge in commenting upon the statement made by counsel for defendant in his argument to the jury in reference to the attitude of state judges as to the weight and credibility that should be given the uncorroborated testimony of police officers. The charge of the court in this particular informs the jury that the testimony of the police officer is to be weighed upon its merits, and that the witness is not to be discredited because of the occupation he follows. Counsel in his argument stated in substance, the reverse of this proposition. It therefore became the duty of the court to direct the attention of the jury to the statements made by counsel, and advise the jury that it must not be misled thereby.

[5] It does appear from this record, however, that the trial court erred in sentencing the defendant to imprisonment on the first count of this indictment, the statute not providing such penalty for the offense there charged. It is claimed on the part of the defendant in error that the court did nothing of the kind, but, on the contrary, assessed a fine against the defendant upon the first count of the indictment and sentenced him to imprisonment upon the second count. While this is practically conceded by counsel for the defendant, nevertheless the transcript of the record of the proceedings in the District Court in this case, imports absolute verity. This court is not at liberty to question the accuracy of that transcript, nor has it authority to determine whether or not a clerical error has intervened in the entering of that judgment.

[6] The court imposed a separate and distinct sentence upon each of these counts. Nothing appears in the entry of judgment to indicate that the sentence upon one count in any way affected the judgment of the court in imposing sentence upon the other count. The situation here is not substantially different from a conviction and sentence upon two separate indictments. Therefore, in the absence of anything in the entry to the contrary, this court must accept this record showing the sentence imposed by the trial court upon the second count of the indictment as conclusive of the trial court's judgment upon that subject; but, for the reason that the sentence imposed upon the first count is not authorized by law, the sentence as to that count is reversed, and the cause remanded to the District Court, with directions to impose a sentence upon the defendant upon the first count in the indictment, in conformity with the statute declaring the limits of the punishment for this offense.

The judgment upon the second count is affirmed.