### SHARP et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 27, 1922.)

No. 3808.

1. **Criminal law ☜1167(3)—Refusing to quash counts on which defendant was not convicted is not prejudicial.**

Where numerous defendants were charged with several offenses, by an indictment containing five counts, the overruling of a motion made by one defendant to quash counts 4 and 5 of the indictment was not prejudicial, where he was convicted only on counts 1 and 2.

2. **Commerce ☜33—Alcohol consigned to another state is in "interstate shipment" in hands of switching carrier.**

A shipment of alcohol, which had been loaded into a car consigned to another state and was on the tracks of a belt line, which performed only switching services in delivering the car to the carrier which was to haul it to destination, was already in "interstate shipment," within Act Feb. 13, 1913 (Comp. St. § 8603), relating to larceny of goods in interstate commerce.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Criminal law ⊜⇒1169(3)—Evidence as to fact admitted by objecting defendant is not prejudicial.**

Evidence of the finding of whisky in the rear of the residence of one defendant when the officers made search without a warrant was not prejudicial to that defendant, where he testified that he rented the shed to codefendant, and admitted that the codefendant had stored whisky therein, so that the admission of such evidence was not reversible error.

**4. Criminal law ⊜⇒364(5)—Statement of one defendant after transaction is not res gestæ.**

An extrajudicial statement by one of several defendants, made some time after the larceny from an interstate shipment, to a city detective, that the pay roll of the shipper showed that another defendant was at work at the shipper's factory on the night of the larceny, was a statement as to a past transaction, and not admissible on his behalf as part of the res gestæ.

**5. Intoxicating liquors ⊜⇒224—Government need not prove defendants had no permit to transport.**

In a prosecution for transportation of alcohol without the permit required by the National Prohibition Act, it is not incumbent on the government to prove that defendants had no permit, which, if it was issued, presumably was in defendants' possession or their control.

**6. Criminal law ⊜⇒1122(2)—Record must show refused request was applicable to evidence.**

A conviction will not be reversed for the refusal of a requested written charge, even if it stated correct propositions of law, where the record does not show that those propositions were applicable to a state of facts which evidence adduced tended to prove.

**7. Criminal law ⊜⇒1122(3)—Rulings on sufficiency of evidence to support instructions not reviewed, if record does not disclose all the evidence.**

The rulings on the sufficiency of the evidence to support the charges cannot be reviewed, where the record does not purport to disclose all the evidence or the substance thereof.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Randall Sharp and others were convicted, respectively, on various counts of an indictment, charging theft of alcohol from an interstate shipment and conspiracy to violate the National Prohibition Act (41 Stat. 305), and they bring error. Affirmed.

C. S. Hebert, H. L. Landfried, and Richard B. Otero, all of New Orleans, La., for plaintiffs in error.

L. H. Burns, U. S. Atty., and L. P. Bryant, Jr., Asst. U. S. Atty., both of New Orleans, La.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The nine plaintiffs in error were joined with other persons in an indictment containing five counts, which, respectively, charged that they stole 80 drums of ethyl alcohol from a specified railroad car while the same was on the tracks of the New Orleans Public Belt Railroad, said alcohol then and there moving as and constituting part of an interstate shipment of freight, namely, a shipment of alcohol from a named shipper at New Orleans, La., to a named consignee at Kansas City, in the state of Missouri, via the Illinois Central Railroad Company; that they conspired to commit the offense

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

charged in the first count; that they unlawfully, willfully, knowingly, and feloniously received and had in possession alcohol described as in the first count, then and there knowing that it was taken, stolen, and carried away while moving as an interstate shipment as aforesaid; that they conspired to willfully and knowingly, without first obtaining a permit from the United States prohibition director at New Orleans, transport alcohol as described in the first count; and that they conspired to willfully and unlawfully possess alcohol described as in the first count.

[1] One of the plaintiffs in error, who was convicted only on counts 1 and 2 of the indictment, complains of the overruling of a motion made by him alone to quash counts 4 and 5 of the indictment. The result of the trial kept that action of the court, assuming that it involved error, from being prejudicial to him or a ground of reversal in his behalf.

[2] At the time of the occurrences charged, the alcohol in question was in a car on a track of the New Orleans Public Belt Railroad, a public utility of the city of New Orleans, which had receipted for it, to be switched to the carrying line. The fact that the alcohol was still in the possession of the carrier which was to render only a switching service did not keep it from being an interstate shipment, within the meaning of the Act of February 13, 1913 (U. S. Compiled Stat. § 8603), relating to larceny, etc., of goods in interstate commerce. The destination of the alcohol was fixed and certain from the time the shipper parted with possession and control of it, and the car containing it was launched on its way to another state by being committed to the switching line for delivery to the carrying line. The switching was the initial step in an interstate carriage. The court was not in error in ruling to the effect that there was an interstate shipment from the time the car containing the alcohol was receipted for by the Public Belt Railroad. Coe v. Errol, 116 U. S. 528, 6 Sup. Ct. 475, 29 L. Ed. 715.

[3] The defendants objected to testimony of one Ford to the following effect: That on the night of the 17th day of September, 1920, after the arrest of several of the defendants, while on a truck whereon alcohol was being transported on a street in the city of New Orleans, the arresting officers, including the witness, who was a city detective and was working in conjunction with the prohibition enforcement officers, without a search warrant, searched the rear of the residence premises of the defendant Vinette and found five drums of alcohol in a shed therein. Vinette stated that he rented that shed to Sharp, a codefendant, and admitted that Sharp stored the alcohol therein. Vinette could not have been prejudiced by the admission of other evidence of a fact which he admitted. In the circumstances disclosed, the action of the court in overruling the above-mentioned objection was not reversible error.

[4] The court sustained an objection by the prosecution to testimony of a witness for the defendants to the effect that Kokemor, one of the defendants, "some time after August 25, 1920,"—the date on which the car was broken into and alcohol was taken therefrom while it was on the premises of the Southern Cooperage Company—after examining the pay roll of the Cooperage Company, stated to a city

detective that the pay roll showed that Fred Brown, another defendant, was at work at the cooperage plant on the night of August 25, 1920. The making of the statement which was so excluded was not part of the res gestæ of the transaction in question. What was said was in reference to an incident of a past and concluded occurrence. Evidence as to what the defendants, or either of them, said "some time after August 25, 1920," as to what occurred on that date, was not admissible in their behalf.

[5] In behalf of each of the defendants a motion was made to direct a verdict in his favor as to the fourth count of the indictment, for the reason that no proof was offered to sustain the averment of that count as to the defendants having no permit to transport alcohol. It was not incumbent on the prosecution to adduce evidence to support such a negative averment, which, if untrue, readily could have been disproved by the defendants producing the permit, which, if it was issued, presumably was in their possession or under their control. Faraone v. United States, 259 Fed. 507, 170 C. C. A. 483.

[6, 7] Complaint is made of the refusal of the court to give part of a requested written charge. Assuming the correctness of the propositions stated in the refused instruction, that action of the court is not a ground of reversal, as the record does not show that those propositions were applicable to a state of facts which evidence adduced tended to prove. As the record does not purport to disclose all the evidence, or the substance of all the evidence, the rulings of the court on the question of the sufficiency of the evidence adduced to support charges made are not properly presented for review.

We do not think that the record shows any reversible error. The judgment is affirmed.