### WINDSOR v. UNITED STATES.*

(Circuit Court of Appeals, Sixth Circuit. January 9, 1923.)

No. 3723.

**1. Conspiracy ⬳47—Evidence held to sustain conviction for conspiracy to violate Prohibition Act.**

Where defendant pleaded guilty to counts of the indictment alleging violations of the Prohibition Act, which were named as overt acts in a count charging conspiracy, and there was also evidence of a joint transportation by him and another, named as co-conspirator, under circumstances clearly showing they were acting together, the evidence was sufficient to sustain a conviction for conspiracy.

**2. Conspiracy ⬳47—Government need not furnish direct proof of agreement.**

To sustain a charge of conspiracy, the government need not furnish direct proof of the unlawful plan or agreement, but such charge may be sustained by evidence showing a concert of action in the commission of an unlawful act, or by proof of other facts from which the natural inference arises that the unlawful overt act was in furtherance of a common design of the alleged conspirators.

**3. Criminal law ⬳1159(3, 4)—Credibility of witnesses is question for jury, not for appellate court.**

Where there is a conflict in the testimony, the credibility of the witnesses and the weight of the evidence are questions for the jury.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 43 Sup. Ct. 523, 67 L. Ed. —.

**4. Criminal law ☞730(5)—Instruction held to cure argument of prosecuting attorney objected to.**

The argument by the district attorney that defendant's plea of guilty to separate counts charging as separate offenses the overt acts specified in the conspiracy count in effect convicted him of conspiracy was cured, where the court in response to defendant's objections stated he would correctly instruct the jury on that question, and the general charge contained full explanation and definition of criminal conspiracy, to which no objection was made.

**5. Criminal law ☞395—Searches and seizures ☞3—When defendant consented to search, immaterial that warrant did not authorize search, and liquor seized was admissible in evidence.**

That accused, when arrested, gave an erroneous address, and later, while going with officers, who had a warrant to search the premises at the address given, told them he would show them where he lived, took them to his home, and told his wife to show the officers through the house, and show them where the whisky was, shows consent to a search of his house, so that it was not unlawful, even though the mistake in the search warrant, induced by his false statement, prevented it from authorizing the search of his true residence, and liquor seized was admissible in evidence.

**6. Criminal law ☞1173(2)—Refusal to charge jury should state specific overt acts held not prejudicial.**

Refusal of a request to instruct the jury that, if they found defendants guilty of conspiracy they should find specifically and report to the court which of the overt acts was committed by one or more of the persons charged with conspiracy, was not prejudicial to accused, where he had pleaded guilty to other counts charging the acts which were charged as overt acts in the conspiracy count. For this reason this assignment of error is not considered or decided.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Ike Windsor and another were convicted of conspiracy to violate the Prohibition Act, and the named defendant brings error. Affirmed.

Wm. Gordon and A. L. Kreisberg, both of Cleveland, Ohio, for plaintiff in error.

Berkeley W. Henderson, Asst. U. S. Atty., of Cleveland, Ohio (E. S. Wertz, U. S. Atty., and D. J. Needham, Asst. U. S. Atty., both of Cleveland, Ohio, on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge. The plaintiff in error was jointly indicted with Stanley Reikus, Adam Slesarumas, alias Saulas, and William Vidugiris. The indictment contained four counts. The first count charged a conspiracy to violate the National Prohibition Law (41 Stat. 305); the second, unlawful possession of alcohol; the third, unlawful transportation of distilled spirits; and the fourth, unlawfully and feloniously affixing counterfeit revenue stamps in violation of section 6108 of the Compiled Statutes of the United States.

The first count of the indictment alleged six overt acts committed by the defendants in furtherance of the conspiracy therein charged. It is unnecessary to refer to these, further than to state that one of the overt acts alleged in the indictment averred the unlawful posses-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

sion of distilled spirits; another, the unlawful transportation of a 10-gallon can of alcohol fit for beverage purposes.

Reikus entered a plea of guilty to the second and fourth counts of the indictment, and the first and third counts were nolled as to him. All the counts in the indictment were nolled as to Slesarumas, alias Saulas. Vidugiris entered a plea of guilty to the second count of the indictment, and was jointly tried with the plaintiff in error and convicted upon the other three counts. The plaintiff in error pleaded guilty to the second count of the indictment, charging unlawful possession, and also to the third count, charging unlawful transportation. The court directed a verdict of not guilty on the fourth count, and the jury returned a verdict of guilty on the first count, charging conspiracy. A motion for new trial was overruled, and sentence imposed.

[1] It is insisted upon the part of the plaintiff in error that the verdict of guilty upon the first count charging conspiracy is not, as to him, sustained by the evidence. While the plea of guilty entered by the plaintiff in error to the second and third counts of the indictment, charging unlawful possession and transportation of intoxicating liquor, does not in any way tend to prove that these offenses were committed in furtherance of a conspiracy between the plaintiff in error and Vidugiris or any other of the codefendants, as charged in the two overt acts to which reference is above made, nevertheless such plea is an admission on the part of the plaintiff in error that he did unlawfully possess and unlawfully transport intoxicating liquors without permit so to do. But, for the purposes of this case, his plea of guilty of these offenses may be wholly disregarded. There is substantial evidence in this record tending to prove that the plaintiff in error was arrested while in possession of 10 gallons of alcohol fit for beverage purposes, and while transporting the same in an automobile that he was driving.

[2] In order to establish that these unlawful acts were committed by the defendants Windsor and Vidugiris in furtherance of a conspiracy to violate the provisions of the National Prohibition Act, the government is not required to furnish direct proof of the unlawful plan or agreement entered into by the conspirators. This court held in Davidson et al. v. U. S., 274 Fed. 285, that a verdict of guilty of conspiracy may be sustained by evidence showing a concert of action in the commission of an unlawful act or by proof of other facts and circumstances from which the natural inference arises that the unlawful overt act was in furtherance of a common design, intent and purpose of the alleged conspirators.

No claim was made, nor was any evidence offered tending to prove, that these defendants or either of them had a permit to possess or transport intoxicating liquor. Kiersky v. U. S. (C. C. A.) 263 Fed. 684; Faraone v. U. S., 259 Fed. 507, 170 C. C. A. 483. Such a claim or such evidence would be wholly inconsistent with the plaintiff in error's plea of guilty to the counts in the indictment charging unlawful possession and unlawful transportation. Two police officers testified that when the arrest was made the plaintiff in error was driving the automobile containing this 10 gallons of alcohol fit for bever-

age purposes; that Vidugiris was riding with him in this automobile, and when arrest was attempted fled from the officers, and was not apprehended and placed under arrest until some time later. The testimony of the two police officers as to the facts and circumstances under which the arrest of the plaintiff in error and Vidugiris was made, if believed by the jury, is sufficient to sustain the verdict finding these two defendants guilty of conspiracy as charged in the first count of this indictment.

[3] While both of these defendants testified that they had not entered into any conspiracy, and had not engaged in a joint enterprise in the commission of the unlawful acts charged, nevertheless their testimony does not harmonize with the other evidence in this case, including the result of the search of their respective residences. At best their testimony presents only a conflict in the evidence. The credibility of witnesses and the weight of the evidence are questions for the jury and not for this court. Davidson et al. v. U. S., supra.

[4] It is also assigned as error that the district attorney was guilty of misconduct and irregularity in stating in his argument to the jury that the defendants had in their possession and had transported and sold poisonous liquor, when there was no evidence produced to prove that the liquor was poisonous. In answer to this, it is sufficient to say that the record contains no such statements on the part of the district attorney. The record does show, however, that the district attorney, in his argument to the jury, stated in effect that plaintiff in error had pleaded guilty to counts in the indictment charging unlawful possession and unlawful transportation; that these two offenses are two of the overt acts charged in the indictment, and that "on his own plea, you might say, he stands convicted of conspiracy." Thereupon an objection was interposed by counsel for plaintiff in error in the following language:

"I want to submit to the court that the plea of guilty to these counts, to the unlawful possession, does not prove an overt act. I think the court ought to instruct the jury on that question."

To which the court replied:

"I will instruct the jury, and the jury, I am quite sure, will understand the law when I get through with it, and I am sure the jury are competent to weigh and appraise the argument of counsel on both sides, and not be misled by them."

No exceptions were taken to the ruling of the court upon this objection to the district attorney's argument. Sevensma v. U. S. (C. C. A.) 278 Fed. 401, 404 and cases there cited. Later the court in its general charge, in pursuance of its promise so to do, gave to the jury a full explanation and definition of criminal conspiracy. This charge fully informed the jury that the commission of the unlawful acts charged in the second and third count of the indictment, and to which the plaintiff in error had entered a plea of guilty, did not constitute the crime of conspiracy, and that the jury, "before it could convict on this count, must be satisfied beyond a reasonable doubt of the common design, the combination or agreement, the concerted pur-

pose of action, the working together—the intent and design to work together and co-operate to do an act which is an offense against the laws of the United States, and thereafter the commission of an overt act in furtherance of it."

[5] It is also contended that the court erred in overruling the objections of the plaintiff in error to the introduction of any evidence as to what was found at No. 2339 East Fifty-Ninth street in the city of Cleveland, Ohio. This objection is predicated upon the claim that the officers had no warrant to search these premises, and that therefore whatever liquors were seized in this search could not be admitted in evidence against defendants. On the day this cause came on for trial a motion was filed for an order requiring the return to defendant of the intoxicating liquor seized by the officers on the 31st day of March, 1921, at the place mentioned, for the reason, as alleged in the motion, that the officers had unlawfully broken and entered the private residence of the defendant Windsor, and had unlawfully seized and carried away this intoxicating liquor. It does not appear that this motion was filed prior to the commencement of the trial upon the indictment, or that the court made any ruling in reference thereto, or that any exceptions were taken by the defendants for failure of the court to rule upon this motion. Sevensma v. U. S., supra. If it were conceded that this motion was filed in time to permit a hearing and disposition thereof without interfering with the orderly procedure of the trial (Amos v. U. S., 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. 654), nevertheless it fully appears from the evidence that these officers had in their possession search warrants for the respective residences of both Vidugiris and Windsor; that Windsor after his arrest stated to the officers that he resided at 5707 Outhwaite avenue; that, while on the way to this address, Windsor said to the police officers, "Boys, I will show you where I live, I will take you to the right place," and thereupon he did take them to his residence on East Fifty-Ninth street, which by reason of his own misstatement was improperly described in the search warrant. He then took the officers into his house, told his wife that they were federal agents, and asked her "to show them through the house where some whisky was." He also assisted in making the search. There is, therefore, substantial evidence tending to prove that the officers did not forcibly break and enter his residence, but, on the contrary, entered and searched the premises with his consent, at his invitation, and with his assistance. For this reason it is wholly unnecessary to consider the question whether the error in the search warant as to the street and number of his residence, which error occurred through the fault of the plaintiff in error, destroyed the validity of the warrant to search his residence.

[6] It is also insisted that the court erred in refusing the joint request of defendants Windsor and Vidugiris to instruct the jury:

"That, if they find said defendants guilty under the first count of the indictment, they find specifically and report to the court with their verdict a finding as to which of the overt acts alleged in the indictment were committed by one or more of the persons charged with conspiracy in said first count of the indictment."

In this case it is wholly unnecessary to consider or determine this question. One of the overt acts averred in this count of the indictment was the unlawful possession; another, the unlawful transportation of intoxicating liquor. Windsor admitted the commission of both of these overt acts. Therefore, if one or both of these overt acts were committed by Windsor in the furtherance of an unlawful conspiracy between himself and Vidugiris (the other defendants having already been dismissed from the case), a verdict of guilty must follow. Upon this question the charge of the court was clear and unambiguous, so that, in view of the proceedings had and the evidence admitted in this case, the refusal of the court to charge as requested by defendants could not in any way be prejudicial to Windsor, and he is the only one complaining.

It is unnecessary to discuss the other assignments of error in detail. It is sufficient to say that upon the whole record it clearly appears that no error intervened in the trial of this cause to the prejudice of plaintiff in error.

The judgment of the District Court is affirmed.