## GOORMAN v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. June 30, 1925.)

No. 4321.

1. **Habeas corpus** ⊚⟹92(1)—**Writ raises only question of jurisdiction to impose sentence.**

Writ of habeas corpus to test imprisonment of defendant raises only question of jurisdiction to impose the sentence.

2. **Habeas corpus** ⊚⟹105—**If defendant's sentence authorized under any count of indictment, it is sufficient.**

In habeas corpus to test imprisonment of defendant, if sentence is authorized under any count or counts of indictment, that is sufficient.

3. **Internal revenue** ⊚⟹2—**Revenue statutes relating to intoxicating liquors are in. force.**

Rev. St. § 3258 (Comp. St. § 5994), imposing a penalty for possessing a still without having registered it, and section 3282 (Comp. St. § 6022), imposing a penalty for·manufacturing mash fit for distilling on premises not an authorized distillery, are in force.

4. **Intoxicating liquors** ⊚⟹242—**Sentence of defendant in liquor prosecution held authorized, without aid from, other statute.**

Under indictment in liquor prosecution, charging a violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and Rev. St. §§ 3258, 3282 (Comp. St. §§ 5994, 6022), to which defendant pleaded guilty, sentence of defendant to four months'

imprisonment and $500 fine was authorized, under section 3258, without aid from section 3282.

**5. Intoxicating liquors ⬡⟶242—Fine and imprisonment sentence not void, because penalty not also imposed.**

In prosecution for violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and revenue statutes relating to intoxicating liquors, sentence of defendant to four months' imprisonment and a $500 fine was not rendered void because a penalty was not also imposed.

In Error to the District Court of the United States for the Eastern District of Michigan; Charles C. Simons, Judge.

Habeas corpus by Mollie Goorman, for and in behalf of Jacob Goorman, against the United States. From a judgment discharging the writ and remanding the prisoner, petitioner brings error. Affirmed.

Henry A. Behrendt, of Detroit, Mich., for plaintiff in error.

Delos G. Smith, U. S. Atty., and David Polasky, Asst. U. S. Atty., both of Detroit, Mich.

Before DENISON and DONAHUE, Circuit Judges, and HICKENLOOPER, District Judge.

PER CURIAM. Plaintiff in error brought habeas corpus to test the imprisonment of her husband. Upon a four-count indictment he had pleaded guilty, and had been sentenced to four months' imprisonment and a $500 fine. The counts were: First, possession of 35 gallons of whisky in violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.); second, possession of three copper stills in operation for making spirituous liquors, without having the same registered as required by law; third, making 186 barrels of mash for distillation of alcoholic spirits in a building not an authorized distillery; fourth, maintaining a nuisance in violation of title 2, § 21, National Prohibition Act.

[1-5] A writ of habeas corpus raises only the question of jurisdiction to impose the sentence. Hawkins v. U. S., 5 F.(2d) 564 (C. C. A. 6, opinion filed May 11, 1925); Knewel v. Edgan, 45 S. Ct. 522, 69 L. Ed. —— (S. C. U. S. May 25, 1925). If this sentence is authorized under any count or counts of the indictment, that is sufficient. Abrams v. United States, 250 U. S. 616, 40 S. Ct. 17, 33 L. Ed. 1173; Howard v. U. S. (C. C. A. 6) 271 F. 301. It is enough to say that the second and third counts charge, respectively, violation of sections 3258 and 3282, Revised Statutes (Comp. St. §§ 5994, 6022). These sections are in force. U. S. v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358. These counts are sufficient in form. Dierkes v. U. S. (C. C. A. 6) 274 F. 75. The sentence was authorized under section 3258, without aid from section 3282. It does not make the fine and imprisonment sentence void that the penalty of 3258 was not also imposed. Bartholomew v. U. S. (C. C. A. 6) 177 F. 902, 906, 101 C. C. A. 182.

The judgment discharging the writ and remanding Goorman is affirmed.