## CAMP v. UNITED STATES.*

(Circuit Court of Appeals, Sixth Circuit. December 17, 1926.)

No. 4652.

**1. Criminal law ⊱673(4)—Admitting coconspirator's testimony as to his previous false statements without limitation held not error (Penal Code, § 37 [Comp. St. § 10201]).**

In prosecution for conspiracy, under Penal Code, § 37 (Comp. St. § 10201), admission of testimony of accused's codefendant that he had made certain false statements, without admonishing jury that testimony was not competent against. accused, *held* not error, where codefendant contradicted himself on cross-examination, and jury might have believed his former statements were false.

**2. Criminal law ⊱1036(1), 1044—Admission of evidence is not reviewable, in absence of motion or objection.**

Ruling in admitting evidence is not reviewable by writ of error, in absence of motion or objection.

**3. Criminal law ⊱422(1)—Declarations and acts of conspirator are admissible against coconspirator.**

Declarations and acts of one conspirator during period of conspiracy are admissible against coconspirator.

**4. Criminal law ⊱958(1)—Averments of newly discovered evidence as to means of entry into warehouse from which whisky was stolen held mere conclusions.**

Allegations of affidavit, supporting motion for new trial on ground of newly discovered evidence, that warehouse from which whisky was stolen might have been entered by raising sheet iron siding between floor and ground of building, *held* mere conclusion, in absence of showing how entry could be had through floor.

**5. Criminal law ⊱941(1), 951(1)—Denial of new trial was not improper, where alleged newly discovered evidence was cumulative, and offered over five months after trial.**

Denial of new trial was not abuse of discretion, where alleged newly discovered evidence was cumulative, and was not offered for more than five months after trial.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Wallace B. Camp was convicted for violation of Penal Code, § 37, and he brings error. Affirmed.

Ernest Woodward, of Louisville, Ky. (Woodward, Warfield & Hobson, of Louisville, Ky., on the brief); for plaintiff in error.

Sawyer A. Smith, U. S. Atty., of Covington, Ky. (John E. Shepard, Asst. U. S. Atty., of Covington, Ky., on the brief), for the United States.

Before DENISON and MOORMAN, Circuit Judges, and HOUGH, District Judge.

*Rehearing denied March 18, 1927.

HOUGH, District Judge. Plaintiff in error was convicted (with others) of a violation of section 37, Penal Code (Comp. St. § 10201). [1-3] He complains, first, that the court erred in admitting testimony of the defendant Simpson, to the effect that he had made false statements about where he had obtained $500 in cash about the time of the alleged offense, without admonishing the jury that such admissions by the defendant Simpson were not competent as substantive evidence against the plaintiff in error; second, that the court erred in overruling the motion for peremptory instruction and in submitting the case to the jury; and, third, in failing to grant a new trial, particularly in view of the claimed newly discovered evidence filed in the form of affidavits.

Neither of the enumerated grounds is the predicate of reversible error, for the following reasons: Simpson contradicted himself on cross-examination, and the jury might well have believed that his former statements were false. The plaintiff in error, according to the record, failed to save the question either by motion or objection. In addition to this, the holdings of this court, and federal courts generally, support the rule that the declarations and acts of one conspirator, during the period of the conspiracy, are admissible against a coconspirator. Hallowell et al. v. U. S. (C. C. A.) 253 F. 865; Tuckerman v. U. S. (C. C. A.) 291 F. 958; Weinstein v. U. S. (C. C. A.) 11 F.(2d) 505.

An examination of the government's testimony, as reflected in the record, shows a state of facts, existing during the period laid in the indictment, a number of which are undisputed by the defense, coupled with the attendant circumstances which justified the submission of the case to the jury, and which this court has no authority to disturb. Laurie v. U. S. (C. C. A.) 278 F. 934; Windsor v. U. S. (C. C. A.) 286 F. 51; Knable v. U. S. (C. C. A.) 9 F.(2d) 567.

[4] The motion for a new trial, urged, among other grounds, newly discovered evidence. This ground was supported by several affidavits, substantially of the same import. Under the proof contained in the record, the theft of the whisky must have been effected through the door of the warehouse. No other theory is apparent. The one key to this door was in the custody of the plaintiff in error. The affidavits were intended to show that there was another means of ingress and egress to the warehouse, by reason of the insecure and defective condition of the sheet-iron siding on the rear of the building. Possible ingress and egress through the windows had been disproved during the trial.

What influence a newly discovered method of entry into the warehouse should have had upon the trial court, and might have had upon this court, need not be decided, because the affiavits themselves do not fulfill their intended purpose. They state that a person desiring to do so, might enter the warehouse through this sheet-iron siding, because of the fact that the space between the stone abutments or pillars upon which the building rested, and *between the floor and the ground* of the building, was closed only by sheet-iron strips, which were nailed to the structure at the top, but were fastened in no way at the bottom. These sheet-iron strips could have been easily raised sufficiently high for a person to have entered the warehouse.

This latter statement is a mere conclusion. The facts on which it is based, as appears in the affidavits, show that the entry by a person through the siding in this manner would place him within the inclosure, but with the floor of the warehouse between him and the inside of the room; there being nothing to show that he could go through the floor into the room.

[5] For this reason, and, further, because the evidence was cumulative in its nature, and was not offered for more than five months after the trial, we think there was no abuse of discretion in denying the motion for a new trial.

Judgment affirmed.