**NICELY v. UNITED STATES.**

No. 8954.

Circuit Court of Appeals, Sixth Circuit.

June 29, 1942.

Solomon Arnovitz, of Dayton, Ohio, for appellant.

Robert E. Marshall, of Cincinnati, Ohio (Calvin Crawford, of Dayton, Ohio, and Robert E. Marshall, of Cincinnati, Ohio, on the brief), for appellee.

Before HICKS, ALLEN, and McALLISTER, Circuit Judges.

PER CURIAM.

Appellant was convicted by a jury, of a conspiracy to violate Sections 2803, 3253, and 3321, title 26 of the U.S.Code, 26 U.S.C.A. Int.Rev.Code, §§ 2803, 3253, 3321, governing unlawful sale of liquor, without payment of the federal tax; engaging in the business of a wholesale and retail liquor dealer, without federal license; concealment of distilled spirits, in respect whereof taxes were imposed, with intent to defraud the Government; and transfer, purchase, sale, and unlawful possession and control of distilled spirits, without having affixed to the containers thereof, the required internal revenue stamps. Appellant contends that the trial court erred in refusing to grant his motion for a directed verdict, on the ground of insufficient evidence to warrant submitting the case to the jury; and its denial of a new trial on the ground that appellant, because of the misconduct of a juror, had not been fairly and impartially tried.

■ There was substantial evidence introduced by the Government that appellant had sold hundreds of gallons of alcohol at a price of $2.40 per gallon, although the federal tax thereon amounts to $4.00 per gallon; and that he was engaged, with his co-defendants, in such sales. There was no proof, on the part of appellant, that he had a federal license to carry on the business of a wholesale or retail liquor dealer—in fact, he denied making any of the sales alleged. See Kiersky v. United States, 6 Cir., 263 F. 684; Faraone v. United States, 6 Cir., 259 F. 507. But, in our opinion, the foregoing evidence was sufficient to support a conviction on the charge of engaging in business as a liquor dealer, without securing a federal license.

■ Reasonable inferences could be drawn from the evidence of numerous Government witnesses, that appellant had also conspired to violate the other statutory provisions, requiring internal revenue stamps to be affixed to the containers of alcohol, possessed, transferred, or sold.

■ In regard to the claim that appellant did not receive a fair and impartial

trial, it appears that after the verdict, a juror wrote a letter to one of appellant's witnesses, criticizing him for his efforts, as disclosed by the testimony, in attempting to get other persons to testify as character witnesses for appellant. The letter stated that one look into appellant's face, told the juror "what he was, and since you knew him personally, no doubt that you knew his character much better than I do, and knowing him as a bad actor, why would you spend your time running around to help him. * * *" The foregoing does not support the inference that the juror, on his voir dire, stated falsely that he could judge the case fairly and without prejudice; and the juror's statements in the letter cannot be used to impeach the verdict. On the hearing of the application for a new trial, the District Court carefully considered the arguments advanced, and concluded that appellant had not been deprived of a fair trial. Under the circumstances disclosed, we find no showing, sufficient to overcome the presumption of regularity of the verdict, and no abuse of discretion on the part of the District Court.

The judgment is affirmed.