THE STATE, EX REL. GILMORE, *v.* BROWN, SECRETARY OF STATE, ET AL.

[Cite as State, ex rel. Gilmore, *v.* Brown (1983), 6 Ohio St. 3d 39.]

(No. 82-1496—Decided July 20, 1983.)

*Mr. David W. Douglas,* for relator.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. John T. Williams,* for respondents.

*Per Curiam.* The sole issue presented herein is whether the Governor's veto of Am. Sub. H. B. No. 114 was in compliance with Section 16, Article II of the Ohio Constitution, which provides in pertinent part:

"If the governor approves an act, he shall sign it, it becomes law and he shall file it with the secretary of state.

"If he does not approve it, he shall return it with his objections in writing, to the house in which it originated, which shall enter the objections at large upon its journal, and may then reconsider the vote on its passage. * * *

"If a bill is not returned by the governor within ten days, Sundays excepted, after being presented to him, it becomes law in like manner as if he had signed it, *unless the general assembly by adjournment prevents its return; in which case, it becomes law unless, within ten days after such adjournment, it is filed by him, with his objections in writing, in the office of the secretary of state. * * *"* (Emphasis added.)

Resolution of this issue requires us to determine what is meant by an "adjournment" which prevents the return of a bill to the General Assembly, and renders it necessary for the Governor to file the bill with his objections in the office of the Secretary of State in order to preserve his veto.

Relator contends that temporary adjournment of the House for the weekend, which occurred herein, was an adjournment preventing the return of the Governor's veto message within the meaning of Section 16, Article II of the Ohio Constitution. Consequently, relator argues that the veto was ineffective because the Governor did not file his veto message with the Secretary of State.

Respondents argue that the only adjournment which prevents the delivery of the Governor's veto message is an adjournment *sine die* at the end of a legislative session. Accordingly, it is respondents' position that the Governor was not required to file his veto message with the Secretary of State in order to preserve his veto.

In response, relator argues that had an adjournment *sine die* been intended, those words would have been inserted in the provision by the framers of the Constitution.

We have not previously addressed this issue, although other jurisdictions having similar constitutional provisions have done so. A review of those decisions reflects that the interpretation urged by relator is the minority view. See *In re Public Utility Bd.* (1912), 83 N.J.L. 303, 84 A. 706.

The majority of jurisdictions which have construed similar constitutional provisions have adopted the view advanced by respondents and held that only an adjournment *sine die* prevents the delivery of the Governor's veto message. See *Wright* v. *United States* (1938), 302 U.S. 583, 595-598; *Kennedy* v. *Sampson* (C.A. D.C. 1974), 511 F. 2d 430, 442; *Building Comm.* v. *Jordan* (1950), 254 Ala. 433, 437, 48 So. 2d 565; *Harpending* v. *Haight* (1870), 39 Cal. 189, 204-206, 2 Am. Rep. 432; *Hawaiian Airlines Ltd.* v. *Pub. Util. Comm.* (1959), 43 Haw. 216, 219; *Redmond* v. *Ray* (Iowa 1978), 268 N.W. 2d 849, 856; *State, ex rel. State Pharmaceutical Assn.,* v. *Michel* (1900), 52 La. Ann. Rep. 936, 941, 27 So. 565; *Wood* v. *State Adm. Bd.* (1931), 255 Mich. 220, 226-233, 238 N.W. 16; *State, ex rel. Putnam,* v. *Holm* (1927), 172 Minn. 162, 168, 215 N.W. 200; *Miller* v. *Hurford* (1881), 11 Neb. 377, 381, 9 N.W. 477; *Hequembourg* v. *Dunkirk* (1888), 49 Hun. 550, 556, 2 N.Y.Supp. 447, 450; *Corwin* v. *Comptroller General* (1875), 6 S.C. 390, 395; *Johnson City* v. *Tennessee Eastern Elec. Co.* (1915), 133 Tenn. 632, 639-640, 182 S.W. 587; *State, ex rel. Sullivan,* v. *Dammann* (1936), 221 Wis. 551, 559, 267 N.W. 433.

These courts reasoned that the purpose for having an alternative provision for filing the veto message is to allow for the situation where, by virtue of adjournment, the legislature is prevented from reconsidering the bill and re-passing it over the executive veto. Thus, the majority of jurisdictions hold that the alternative provision does not apply where the bill is returned with the governor's objections during a temporary recess because the legislature still has the opportunity to reconsider the bill.

We find this to be the better reasoned approach and likewise hold that the word "adjournment" in Section 16, Article II, Ohio Constitution, refers to an adjournment *sine die.*

Accordingly, we find that the Governor's veto of Am. Sub. H. B. No. 114 was in compliance with Section 16, Article II of the Ohio Constitution. The Secretary of State not being under a clear legal duty to perform the requested act, the writ is hereby denied.

*Writ denied.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.