OPINION
STATEMENT OF THE FACTS AND CASE
 {¶ 1} Appellant was charged with Rape (R.C. 2907.02(A)(1)(c)) and Aggravated Burglary (R.C. 2911.11(A)(1)).
 {¶ 2} Prior to this verdict, after the original voir dire a verbal altercation from the victim's father to appellant occurred. This was discussed among some jurors. The trial court conducted additional voir dire because of this occurrence. The defense motion for a mistrial was denied.
 {¶ 3} The jury returned a verdict of guilty as to the latter charge of Aggravated Burglary but was hung as to the Rape charge.
 {¶ 4} Appellant raises four Assignments of Error:
 ASSIGNMENTS OF ERROR I. {¶ 5} "The Trial Court Erred When It Did Not Grant The Prosecutor And Defendant's Motions For Mistrial, When The Victim's Father Verbally Assaulted The Defendant In The Hall And Stairway, And In The Presence Of The Jury, Who Then Committed Misconduct By Discussing The Scenario With Each Other. This Error Was Prejudicial To The Defendant, And Resulted In The Denial Of Defendant's Constitutional Right To A Fair Trial."
 II. {¶ 6} "The Trial Court Erred Where It Admitted Evidence Of Defendant's Prior Alleged Sexual Acts In Violation Of Evidence Rule 403, 404, The Rape-shield Statutes, And R.C. Section 2945.59, And Where The Court Did Not Hold The Required In-chambers Hearing, The Same Error Being Prejudicial To The Defendant, And Denying The Defendant His Right To A Fair Trial."
 III. {¶ 7} "Finding Defendant Guilty Of Aggravated Burglary Was Against The Manifest Weight Of The Evidence Where One Of The Essential Elements Of This Aggravated Burglary Was The Defendant's Trespassing With The Purpose To Commit Rape, And Where The Jury Did Not Find The Defendant Guilty Of Rape, In Spite Of The Fact That He Had Intercourse With The Victim."
 IV. {¶ 8} "The Finding Of Aggravated Burglary Was Against The Manifest Weight Of The Evidence Where The Jury Found The Defendant Trespassed Into The House By Force, Stealth Or Deception."
 I. {¶ 9} As to the first Assignment of Error, while appellant states that the prosecutor agreed with defense counsel's motion for mistrial, the record does not support this assertion as the Prosecutor stated that she was "torn on the subject" (T. at p. 177-178) but did not join in the motion.
 {¶ 10} In this case each juror who saw or heard of the incident readily assured the trial court during individual voir dire, that their respective opinions would not be affected, contrary to appellant's assertions of a prejudicial effect. (T. at 158-160, 164, 169, 171, 175).
 {¶ 11} In addition, juries are presumed to follow and obey the instructions given them by the trial court.
 {¶ 12} The Eighth District Court of Appeals in State v. Burnett
(2002), 2002WL745470 (Ohio App. 8 Dist.) addressed a similar issue in finding no impact on the jury and quoted the Ohio Supreme Court in Statev. Bradley (1965), 3 Ohio St.2d 38 which stated:
 {¶ 13} "These considerations depend upon factual matters properly reposing within the sound determination of the trial judge and his findings thereon will not be disturbed on review in the absence of evidence on the face of the record clearly and affirmatively showing that the jury was improperly affected thereby to the defendant's prejudice. See Lash v. United States, 221 F.2d 237 (juror questioned by court in presence of jury after his wife was observed talking with defendant's wife); State v. Bolle (Mo.), 201 S.W.2d 158 (spectator stated in court in course of motor vehicle manslaughter trial that his daughter was killed at the same place); State v. Franklin, 167 Kan. 706, 208 P.2d 195 (mother of victim of homicide arose in course of trial and screamed repeatedly, "he killed my son"); Hanye v. State, 211 Ala. 555, 101 So. 108 (weeping demonstration by widow of victim of homicide); and State v. Wimby,119 La. 139, 43 So. 984 (expressions of grief by mother of victim of homicide).
 {¶ 14} "In none of the foregoing cases was the incident mentioned found to be prejudicial to the rights of the defendant at the trial, nor was that finding reversed on review."
 {¶ 15} Such Eighth District Court further reflected on theBradley decision:
 {¶ 16} "In Bradley, the Court reasoned that the trial judge was positioned to "observe the demeanor, attention, attitude and maturity with which the jurors approached their task."
 {¶ 17} Also, in State v. Bey (1999), 85 Ohio St.3d 487, a capital case, the Ohio Supreme Court observed:
 {¶ 18} "In proposition of law XI, Bey argues that the trial court erred by failing to grant a mistrial or to voir dire jurors after an emotional outburst by him during the prosecutor's sentencing-phase closing argument.
 {¶ 19} "Bey's outburst occurred when the prosecutor was responding to the testimony of Bey's expert witness and to the content of Bey's unsworn statement. The prosecutor stated that, when Bey read his written statement to the jury, he was "attempting to show remorse for what happened, blaming his mother and his family." Despite the fact that the trial judge had previously cautioned counsel about Bey's in-court behavior, Bey interrupted the prosecutor's sentencing argument and asserted, "Hey, don't you talk about my mother." After the trial judge cautioned him, Bey responded, "You would have me * * * removed. You don't talk about my mother."
 {¶ 20} "The jury was then removed, and Bey's counsel asked for (1) a mistrial, (2) an individual voir dire, and (3) an opportunity to apologize to the jury. The trial court denied a mistrial and denied any further voir dire of **498 the jury, but allowed the defense to apologize to the jury.
 {¶ 21} "We cannot determine that the trial judge erred in denying Bey's request. The trial judge could best determine whether Bey's right to a fair trial was compromised or whether voir dire of the jury was necessary. We have long recognized that for witnesses and spectators, the "impact of emotional outbursts * * * cannot be judged * * * on a cold record." Hill, 75 Ohio St.3d at 204. The same principle also applies to outbursts by an accused. Whether the jury was `disturbed, alarmed, shocked or deeply moved * * * depend[s] on facts which no record can reflect.'" Id., quoting State v. Bradley (1965), 3 Ohio St.2d 38, 40. `[Absent] clear, affirmative evidence to the contrary, the trial courts determination will not be disturbed.' State v. Benge (1996), 75 0hio St.3d 136,144, quoting State v. Morales (I987), 32 Ohio St.3d 252, 255. AccordBradley, 3 Ohio St.2d 38 syllabus."
 {¶ 22} We therefore conclude that Judge Henson correctly denied the appellant's motion for mistrial, particularly after additional voir dire. The first Assignment of Error is denied.
 II. {¶ 23} The second Assignment of Error asserts a violation of R.C. 2945.59, Evid. R. 403, 404 and the rape shield statute R.C. 2907.02(D)(E), as they pertain to the following question to appellant on cross-examination by the State:
 {¶ 24} "Q. My last question for you, Mr. Rucker, is, Have you ever done something similar to this in terms of going over to that house and having sexual contact with a person who is initially asleep when you begin your contact with them?"
 {¶ 25} Revised Code 2907.02(D)and (E) state:
 {¶ 26} "(D) Evidence of specific instances of the victim's sexual activity, opinion evidence of the victim's sexual activity, and reputation evidence of the victim's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.
 {¶ 27} "Evidence of specific instances of the defendant's sexual activity, opinion evidence of the defendant's sexual activity, and reputation evidence of the defendant's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, the defendant's past sexual activity with the victim, or is admissible against the defendant under section 2945.59
of the Revised Code, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.
 {¶ 28} "(E) Prior to taking testimony or receiving evidence of any sexual activity of the victim or the defendant in a proceeding under this section, the court shall resolve the admissibility of the proposed evidence in a hearing in chambers, which shall be held at or before preliminary hearing and not less than three days before trial, or for good cause shown during the trial."
 {¶ 29} Revised Code 2945.59 states:
 {¶ 30} "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."
 {¶ 31} Evidence Rules 403 and 404 provide:
 {¶ 32} "Evid. R 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Undue Delay
 {¶ 33} "(A) Exclusion mandatory. Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.
 {¶ 34} "(B) Exclusion discretionary. Although relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, or needless presentation of cumulative evidence."
 {¶ 35} "Evid. R 404. Character Evidence Not Admissible to Prove Conduct; Exceptions; Other Crimes
 {¶ 36} "(A) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, subject to the following exceptions:
 {¶ 37} "(1) Character of accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same is admissible; however, in prosecutions for rape, gross sexual imposition, and prostitution, the exceptions provided by statute enacted by the General Assembly are applicable.
 {¶ 38} "(2) Character of victim. Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor is admissible; however, in prosecutions for rape, gross sexual imposition, and prostitution, the exceptions provided by statute enacted by the General Assembly are applicable.
 {¶ 39} "(3) Character of witness. Evidence of the character of a witness on the issue of credibility is admissible as provided in Rules 607, 608, and 609.
 {¶ 40} "(B) Other crimes, wrongs or acts. Evidence of the other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 41} Admissibility of other-acts evidence is carefully limited because of substantial danger that the jury will convict the defendant solely because it assumes that the defendant has a propensity to commit criminal acts, or deserves punishment regardless of whether he or she committed crimes charged in the indictment. R.C. 2907.02(D), 2907.05(D),2945.59; Rules of Evid., Rule 404(B).
 {¶ 42} Where evidence of the defendant's sexual activity does not involve origin of semen, pregnancy or disease, or defendant's past sexual activity with the victim, the jury can hear such evidence only if its inflammatory nature does not outweigh its probative value, and if it is admissible against the defendant under statute providing for proof of acts of defendant tending to show his motive or intent, absence of mistake or accident, or scheme, plan or system. R.C. 2945.59; Rules of Evid., Rule 403.
 {¶ 43} Section (D) of R.C. 2907.02 specifically provides that evidence of other sexual activity is admissible under R.C. 2945.59 if the court finds that the evidence is admissible and that its prejudicial nature is not outweighed by its probative value. The trial court made the determination that such question was material and the probative value outweighed the prejudicial effect. (T. at p. 474). Therefore, the conditions required by the Statute were met.
 {¶ 44} It is true that subsection (E) speaks in terms of an in camera hearing as to admissibility and that none was held.
 {¶ 45} Such subsection also states that, if it is not held prior to trial, it can be conducted during trial "for good cause shown."
 {¶ 46} The record is silent as to the presence or absence of good cause and we must therefore assume the trial court did not find good cause present.
 {¶ 47} However, no request on behalf of appellant for an in camera hearing was made.
 {¶ 48} This issue was presented to the Eighth District in Statev. Bugg (Sept. 30, 1999), Cuyahoga App. No. 74847 which stated and concluded:
 {¶ 49} "Defendant also asserts in his Assignment of Error IV that the trial court erred by failing to follow R.C. 2907.02(E) in providing an in camera hearing for the rape shield evidence. However, R.C. 2907.02(E) requires defense counsel to present such issues to the court prior to trial.
 {¶ 50} "* * *
 {¶ 51} "This section requires that the admissibility of rape shield evidence be determined by the court following an in camera hearing. However, these requirements may be waived if not asserted to the trial court prior to trial, or during trial with good cause shown. Statev. Acre (1983), 6 Ohio St.3d 40, 451, paragraph four of the syllabus. InAcre, the Court also found that trial courts; do not have a duty to hold such a hearing sua sponte. Id, at 144, 451.
 {¶ 52} "In the instant case, defendant never requested such hearing prior to trial. Accordingly, defendant waived his right to an in camera hearing unless he could establish good cause. See State v.Rodrigues, (March 26, 1996), Franklin App. No. 95APA06-683, unreported. Pursuant to our above finding that the prejudicial nature of Elizabeth's prior sexual play outweighed its probative value, defendant cannot establish the requisite good cause to request an in camera hearing during trial."
 {¶ 53} In addition, no request was made for an instruction to the jury as to the purposes for which such evidence can be considered under R.C. 2945.59 and no request was made for an instruction as part of the charge as to appellant's right in choosing to refrain from response to such question based upon Constitutional self incriminatory protection.
 {¶ 54} If either absence was error, such was also waived.
 {¶ 55} An appellate court need not consider an error which a party complaining of the trial court's judgment could have called but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. State v. Williams (1977),51 Ohio St.2d 112, syllabus paragraph one.
 {¶ 56} Ordinarily, errors which arise during the course of a trial and which are not brought to the attention of the court by objection or otherwise are waived and may not be raised on appeal. Stores Realty Co.v. City of Cleveland (1975), 41 Ohio St.2d 41. See also: Atwood v. Leigh
(1994), 98 Ohio App.3d 293.
 {¶ 57} A party may not sit in silence while the jury is discharged and then attack the verdict as defective. See Greynolds v. Kurman
(1993), 91 Ohio App.3d 389, 395.
 {¶ 58} This result is in accord with the general rule that an appellate court will not consider any error which the party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been corrected or avoided by the trial court. Schade v. Carnegie Body Co.
(1982), 70 Ohio St.2d 207.
 {¶ 59} We therefore deny the second Assignment of Error.
 {¶ 60} The third and fourth Assignments of Error assert that the guilty verdict to R.C. 2911.11(A)(1) is not supported by the manifest weight of the evidence. We disagree.
 {¶ 61} Revised Code 2911.11(A)(1) states:
 {¶ 62} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
 {¶ 63} "(1) The offender inflicts, or attempts or threatens to inflict physical harm on another;"
 {¶ 64} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v.Martin (1983), 20 Ohio App.3d 172. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The discretionary power to grant a new "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Martin at 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230.
 {¶ 65} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. The weight to be given evidence and the determination of credibility of witnesses are issues for the jury, not for the reviewing court. State v.Jamison (1990), 49 Ohio St.3d 182, cert. denied, 498 U.S. 881.
 {¶ 66} Appellant urges the Court to conclude that the evidence was lacking as to the charge of aggravated burglary because the jury was hung as to the rape charge.
 {¶ 67} This is incorrect.
 {¶ 68} A great deal of evidence was submitted for the jury's consideration as to the lack of consent of appellant to enter the home of Ms. Holsinger. (T. Vol. II at p. 207, 256, 258).
 {¶ 69} While appellant maintains that he could enter the home at any time, entering the home and entering the bedroom of a sleeping female are totally different. The Statute states "or separately occupied portion of an occupied structure" not just the structure itself.
 {¶ 70} Sufficient evidence was presented to the jury to conclude that entering the bedroom was a trespass with intent to commit the felony of rape.
 {¶ 71} Whether the jury had doubts or concerns as to what occurred after the trespass, such as consent, this does not necessarily obviate the original intention.
 {¶ 72} We cannot conclude that the jury lost its way, even with differences and conflicts in testimony. Credibility of the witnesses is within the province of the jury.
 {¶ 73} There is sufficient competent, credible testimony to support the jury's determination of guilt as to the aggravated burglary and each required element, notwithstanding its inability as to a conclusion on the rape charge.
 {¶ 74} Both the third and fourth Assignments of Error are rejected.
By: Boggins, J., Wise, P.J. and Edwards, J. concur.